758

■ CEIL PALEY, Respondent, v. WILLIAM BRUST et al., Appellants.— Judgment, unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to defendants-appellants, unless plaintiff-respondent, within 10 days after service of order hereon with notice of entry, stipulates to accept $25,000 in lieu of the award by verdict, in which event the judgment is modified to that extent and, as thus modified, affirmed, with costs to defendant-appellants. The verdict for the plaintiff against all defendants, except as to the amount thereof, is amply supported by the record. The gross excessiveness in the amount of the verdict at the hands of the jury was probably due, at least in part, to the trial tactics of plaintiff's counsel in putting to witnesses objectionable questions which were improperly suggestive of extraneous and irrelevant matters. Particularly, it was improper for counsel to use the means of the questioning of a doctor to instill in the minds of the jurors the suggestion that plaintiff's alleged pain and suffering could be compensated on a unit-of-time basis. Decidedly unfair and prejudicial, was the question, " So that we now have some measure of the value of pain, $45.00 to save her a half hour of pain, is that right Doctor?", followed by the question, " You doctors, aside from what is charged for the period of anaesthesia, have no other dollar value in measuring pain, do you doctor?" " The improper matter cast upon the [plaintiff] the burden of showing that it did not influence the verdict rendered. (*Manigold* v. *Black Riv. Traction Co.*, 81 App. Div. 381, 385.) Where counsel propounds a question which he must be assumed to know cannot be properly answered, the error is not cured by the Trial Judge's ruling sustaining an objection thereto. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.) " (*Swanson* v. *Evans Oil Co.*, 12 A D 2d 875.) The measure of recovery for pain and suffering is reasonable compensation to be fixed by the trier of the facts in light of all the evidence in the particular case. The nature and degree of pain varies widely from case to case, depending upon the nature and extent of the injuries, the susceptibility of the particular individual and his capacity to withstand it. Consequently, it is not possible to lay down a precise formula by which pain and suffering, as an element of damage, may be properly measured and reduced to dollars and cents. (See 25 C. J. S., Damages, § 93, p. 641; 13 N. Y. Jur., Damages, § 76, p. 533; *Robison* v. *Lockridge*, 230 App. Div. 389, 391.) The matter is to be left largely to the common sense and good judgment of the jurors in light of their common knowledge and general experience and without regard to sentimental or fanciful standards. So, it is improper to suggest to the jury that they may follow a particular mathematical guide or unit-of-time basis in fixing damages for pain and suffering. (See *Botta* v. *Brunner*, 26 N. J. 82; *Ahlstrom* v. *Minneapolis, St. P. & S. S. M. R. R. Co.*, 244 Minn. 1; *Affett* v. *Milwaukee & Suburban Transp. Corp.*, 11 Wis. 2d 604.) In any event, on the record here, an award of damages for plaintiff's alleged personal injuries in excess of $25,000 is not warranted. Settle order on notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.