■ MARJORIE DEUTSCH, as Guardian ad Litem of CHRISTOPHER DEUTSCH, an Infant, et al., Respondents, v. DOCTORS HOSPITAL, INC., Appellant.— Appeal from judgment unanimously dismissed, without costs and without disbursements. No opinion. Amended judgment in favor of plaintiffs, entered upon a verdict of a jury, reversed on the law, on the facts, and in the interests of justice, and new trial ordered, with $50 costs and disbursements to abide the event. In this action against a hospital to recover for alleged malpractice in connection with the birth of plaintiff infant, it was prejudicial error for the court to allow the questions and testimony concerning the loss by defendant of its accreditation in gynecology and obstetrics after the birth of the plaintiff. There was no justification for the probing of this matter by plaintiffs' counsel. It does not serve him to argue that the questioning was in good faith without knowledge that there was no relationship between such loss and the circumstances surrounding the birth of the plaintiff infant. Such loss would in any event be irrelevant on the issue of alleged malpractice. (Cf. *Tryon* v. *Willbank*, 234 App. Div. 335; *Walther* v. *News Syndicate Co.*, 276 App. Div. 169; *Montalvo* v. *Morales*, 18 A D 2d 20.) The improper questioning and testimony were so highly prejudicial that the effect thereof to deprive defendant of fair trial cannot be held to have been effectively dissipated by the later striking of the testimony and the instructions of the trial court to the jury to disregard the same. In this case, where there is but a paucity of evidence to support the verdict for the plaintiffs, we believe that the improper questioning and testimony may have influenced the jury to render a plaintiffs' verdict. Furthermore, in the opinion of a majority of the court, the verdict is grossly excessive. A new trial is required in the interests of justice. (See *Paley* v. *Brust*, 21 A D 2d 758; *Stanley* v. *Surface Tr.*, 20 A D 2d 854; *Kohlmann* v. *City of New York*, 8 A D 2d 598; *Henry* v. *Pasqua*, 5 A D 2d 950.) Concur — Botein, P. J., McNally and Eager, JJ.; Breitel and Stevens, JJ., dissent in the following memorandum by Stevens, J.: I dissent and vote to modify the judgment to reduce the amount thereof to $150,000 and would otherwise affirm. I agree it was error to permit the questions concerning the loss of accreditation. However, in my view such error was completely and competently cured by the instructions of the trial court, and the statement of plaintiffs' counsel in open court.

■ In the Matter of the Arbitration between ESTATE OF HARRY F. WATERS, Deceased, Respondent, and UNEXCELLED CHEMICAL CORPORATION, Appellant.— Order and judgment herein appealed from, unanimously affirmed, with $50 costs and disbursements to petitioner-respondent. We conclude the arbitrators acted within their powers. That portion of the award which declared that "Waters shall be entitled to future payments of * * * $375.00 per month in accordance with paragraph eight (8) of the aforesaid agreement" must be read and interpreted in conjunction with the demand which sought an adjudication that "payments shall continue until the last patent assigned to respondent expires". Paragraph 14 of the agreement provides for a termination date. It is asserted and not denied, the patent will expire on a day certain, 17 years from the date of the issuance of the letters patent. Since the patents are in respondent-appellant's possession or under its control, the date of termination presumably is known to it or certainly may be ascertained. "That is certain which can be made certain" and the claim of indefiniteness is without substance. Finally, respondent-appellant submitted to and participated fully in the arbitration, and may not repudiate the award because of dissatisfaction with the result. Concur — Botein, P. J., Rabin, Stevens and Eager, JJ.