JAMES L. JONES, SR., as Administrator of the Estate of James L. Jones, Jr., Deceased, Respondent, v CITY OF NEW YORK, Appellant.

First Department, May 26, 1977

*Bernard Abel* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel)*, for appellant.

*Norman Bard* of counsel *(Sandra Krevitsky* with him on the brief; *Schneider, Kleinick & Weitz, P. C.,* attorneys), for respondent.

*Per Curiam.* The suit is stated in two causes of action, the first for conscious pain and suffering by plaintiff-respondent's decedent, resulting from defendant-appellant's negligence which, it is asserted in the second cause, brought about the decedent's wrongful death in defendant's hospital. Plaintiff-respondent's decedent, a young man of 17, was admitted to Metropolitan Hospital where, after tests, his ailment was diagnosed as acute viral hepatitis. His condition did not im-

prove and he became comatose and, in less than a week after admission, moribund. The physicians in attendance concluded that the unfortunate youngster who, in the month before admission, had twice "main-lined" heroin, was in the terminal stage of hepatic coma and that, absent some radical procedure to stimulate liver regeneration, accumulation of toxins would shortly end his life. With the consent of the parents, an auxiliary liver transplant was decided upon as the only chance for survival of the patient. Though a liver from a younger donor would have been preferable, it was not obtainable, the sole donor organ available being that of a woman of 88 who had just died in a nearby hospital. The liver was carried to the operating room under less than desirable conditions, but, considering the exigencies of the moment, the doctors are not in our view to be faulted for having used a somewhat damaged liver, transported in a pail under unsterile conditions in a delayed taxicab; that hindsight, which would have dictated use of a police escorted ambulance, is usually wiser, in the circumstances described, than foresight. In any event, the patient's liver did respond by secretion of bile and some improvement of his condition ensued. However, the postoperative procedures left much to be desired.

After surgery, the tubes of a respirator were placed inside the patient's chest to maintain breathing and circulation. Within half a day, he had developed bilateral pneumothorax and, later, consequent lung collapse, because the "chest tubes were thin, soft and inadequate." The patient died two days after the operation, the circulatory collapse following the lung collapse resulting from the defective tubes being one of the contributing causes of death. Considering the lesser burden of proof laid on a plaintiff in a wrongful death case *(Noseworthy v City of New York,* 298 NY 76), the jury was justified in inferring negligence from the use and operation of a respirator with defective tubes. The question was peculiarly one for triers of the fact *(O'Neill v Montefiore Hosp.,* 11 AD2d 132). That the patient might well have died soon because of his generally debilitated condition, despite a transitory improvement from the liver transplant, cannot exculpate defendant from responsibility for negligently caused death at an earlier moment, and, even if the negligence in respect of the respirator was only one of the contributing causes of death, the death may be considered by the jury to have been attributable thereto *(Dunham v Village of Canisteo,* 303 NY 498, 504). So much for liability.

As to damages, we agree with Trial Term that the original verdict of $450,000 on both causes was excessive and should have been reduced. However, the cut to a total of $125,000 on both causes is still not enough in our opinion, and therefore should be reduced further. To begin with, the patient's comatose and moribund condition at all the times he might have experienced negligently caused suffering will preclude any recovery at all for *conscious* pain and suffering. Thus, we strike the $25,000 award to which this portion of the verdict was reduced as not sustained by any evidence at all. The task of evaluating the recovery for wrongful death involves consideration of the factors set forth in EPTL 5-4.3, and we do not think the weight of evidence provides a basis even for the reduced award of $100,000. Especially is this so when it is considered, as may be done on the question of damages *(Dunham, supra,* p 505), that decedent's debilitated condition indicated that his survival would be of comparatively brief duration. The amount of damages, therefore, is excessive to the extent herein indicated. Accordingly, the judgment of Supreme Court, New York County (CHIMERA, J.), entered June 27, 1974, after trial to a jury, should be modified, on the law and the facts, to strike that portion of the judgment attributable to the first cause of action, for conscious pain and suffering, and to vacate that portion of the jury's verdict attributable to the second cause of action, for wrongful death, as excessive, and to remand the second cause for trial anew, as against the weight of evidence, on the issue only of damages, with costs to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, plaintiff-respondent shall consent to the entry of judgment on that cause for $25,000, with interest and costs, in which event the judgment as so reduced is affirmed, all without costs and disbursements on this appeal.

LUPIANO, J. P., SILVERMAN, EVANS and MARKEWICH, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 27, 1974, unanimously modified, on the law and the facts, to strike that portion of the judgment attributable to the first cause of action, for conscious pain and suffering, and to vacate that portion of the jury's verdict attributable to the second cause of action, for wrongful death, as excessive, and to remand the second cause for trial anew, as against the weight

of evidence, on the issue only of damages, with $60 costs and disbursements to abide the event, unless the plaintiff, within 20 days of service upon him by defendant of a copy of the order of this court, with notice of entry, serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict against the defendant in favor of the plaintiff to $25,000, with interest and costs, on that cause of action, and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so modified and reduced, is affirmed, without costs and without disbursements.