In a medical malpractice action, defendant Methodist Hospital of Brooklyn appeals from (1) a judgment of the Supreme Court, Kings County, rendered October 10, 1978, which was in favor of plaintiff and against the defendant hospital and (2) an order of the same court, dated February 5, 1979, which denied the defendant hospital’s motion to resettle the judgment by reducing the recovery by the amount of a certain insurance payment previously received by the plaintiff. Appeal from the order dismissed as academic, without costs or disbursements. Plaintiff has conceded on this appeal that the judgment should be deemed reduced by the amount of the insurance payment. Judgment reversed, without costs or disbursements, and as between plaintiff and defendant Methodist Hospital of Brooklyn, action severed and new trial granted limited to the issue of damages only. In his summation, plaintiffs counsel posed a series of rhetorical questions to the jury which amounted to the argument of a "time-unit” theory of damages. The relevant portions of counsel’s remarks are as follows: "And let’s just take the period as was indicated, and nobody denied, that there might be a ten year period or so, or maybe a little more of non-arthritis, so that the fairly good result that has occurred now will continue for another ten years with just the periodic pain and just the periodic—but the constant loss of motion but in the limited sense you have heard. What would you compensate for those ten years where basically he will stay in this condition? You say nothing? Now wait a minute, there are problems and he should be compensated under the law. I ask you during that ten year period would a thousand dollars a year, would that be fair or just, would it be too little, would it be too much just for that ten year period? And then I ask you when he hits thirty-five or thirty-six and he has another thirty-six years according to the statistics of life and the severe arthritis and the severe pain and the constant pain and the progressive loss of motion to the stiff neck happens, what do you say about those *594 years? Do you know you talk about a job that is eight hours a day, five days a week that you are compensated at, amount of dollars. How about as severe pain and disability that occurs every minute of every day twenty-four hours a day, three hundred sixty-five days a year? I ask you, would five thousand dollars a year from the advent of the severe state that will occurr —and nobody again, I emphasize, has contradicted in any way that this is inevitable—would that be for those thirty-six years—and your arithmetic I am sure you can do as well as I can—but that would be $180,000 for the future, after the arthritis has occurred, and another ten thousand dollars for the ten years in between, and another fifty thousand dollars for up to now, and you would get about two hundred forty thousand dollars. Does that sound like a lot of money? In itself it might sound like a lot of money, but when you consider it in the context of this case and the meaning of it over the years and the one chance anybody is going to get to compensate him—and ladies and gentlemen, look in your own hearts. It is you, that are the only ones that are going to get this opportunity.” When the jury interrupted their deliberations to ask "how the lawyer arrived at the $240,000 figure”, the Trial Judge, in what was apparently intended as a curative instruction, reminded the jurors of their role as sole arbiters of the facts and further, rejected plaintiffs request to have the time-unit remarks read back to the jury in response to their question. Plaintiffs argument of a time-unit theory to the jury requires a reversal of the judgment and a new trial limited to the issue of damages. The impropriety of this line of argument in a jury trial has been recognized in this State (see Paley v Brust, 21 AD2d 758; Deutsch v Doctors Hosp., 26 AD2d 520; cf. Jacobs v Peress, 24 AD2d 746). In view of the fact that there is no mechanical method by which pain and suffering may be translated into dollars and cents, the time-unit technique injects an element of false simplicity into the determination by holding out a mathematical formula by which damages may be neatly calculated. To that extent the technique tends to deflect the jury from the essential task of exercising its own sound discretion in determining the appropriate award (cf. Botta v Brunner, 26 NJ 82). Moreover, in our view, a cautionary instruction by the Trial Judge after the fact does not effectively dispel the temptation among the jurors to take a mechanical approach to the question of damages, and therefore the remedy of a new trial, limited to the damages issue only, is required (cf. Deutsch v Doctors Hosp., supra). Titone, J. P., Mangano, Rabin and Cohalan, JJ., concur.