■ SETH HALFTOWN, Respondent, v TRIPLE D LEASING CORPORATION et al., Appellants. SETH HALFTOWN, Respondent, v ROGERS STRUCTURAL STEEL COMPANY, Appellant. TRIPLE D LEASING CORPORATION et al., Third-Party Plaintiffs-Respondents, v SOUTHERN TIER ERECTORS, Third-Party Defendant-Appellant, and ROGERS STRUCTURAL STEEL COMPANY, Third-Party Defendant-Respondent. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: While employed by third-party defendant, Southern Tier Erectors, plaintiff sustained severe and painful burns while assisting in the erection of a steel column that came into contact with overhead electrical wires. Plaintiff sued the owner (Triple D Leasing Corp.), general contractor (Edstrom Co., Inc.), and subcontractor (Rogers Structural Steel Co.), all of whom instituted third-party actions against plaintiff's employer, Southern Tier. Before the trial began, the court, relying on *Long v Forest-Fehlhaber* (74 AD2d 167) and language contained in *Allen v Cloutier Constr. Corp.* (44 NY2d 290) ruled that comparative negligence would not be a defense. At the close of evidence, the court granted the third-party plaintiffs' motion for a directed verdict against Southern Tier, finding that Southern Tier, as the party in control, must bear full responsibility for the injury. The only question submitted to the jury was whether Southern Tier failed to provide a safe workplace; if so, defendants would be vicariously liable to plaintiff, but defendants would be entitled to full indemnification from Southern Tier. On appeal the parties raise numerous issues, but we address only four of them. We conclude, first, that there must be a new trial on the liability issue because of the court's erroneous determination that comparative negligence is not a defense. Although the law was unclear at the time, the Court of Appeals has since determined that comparative negligence is a defense in an action based on a violation of the regulations promulgated pursuant to subdivision 6 of section 241 of the Labor Law (*Long v Forest-Fehlhaber*, 55 NY2d 154, 161). We also conclude that there must be a new trial on the issue of damages because of errors in the summation. Counsel referred to the time-unit formula for valuing pain and suffering, clearly an improper remark in this State (*De Cicco v Methodist Hosp. of Brooklyn,* 74 AD2d 593; *Paley v Brust,* 21 AD2d 758). Counsel also told the jury six times that they were "the conscience of the community" and must send a message to those in the construction field to be more careful so that this does not happen again, thereby inviting the jury to award punitive damages although such were not involved in the pleadings. While both remarks might be viewed as harmless error in light of objections and prompt curative instructions, we cannot find them harmless on this record in view of the extremely large verdict, which borders on excessive. Next, Rogers and Southern Tier, relying on language from our decision in *Sweeting v Board of Coop. Educational Servs.* (83 AD2d 103) argue that as subcontractors they have no duty under subdivision 6 of section 241 of the Labor Law. This position has no validity in view of the Court of Appeals recent decision in *Russin v Picciano & Son* (54 NY2d 311), since subcontractors, as delegates of the work, are "agents" within the meaning of subdivision 6 of section 241 and their liability depends on their authority to supervise and control the situation causing the injury. Finally, we agree with Southern Tier that the issue of apportionment should have been submitted to the jury. The rules promulgated by the Board of Standards and Appeals apply to owners, contractors, and subcontractors (see 12 NYCRR 23-1.3, 23-1.5 [a]; *Sweeting v Board of Coop. Educational Servs., supra,* p 110). Part 23 imposes upon defendants the duties, *inter alia,* to determine voltages, investigate and warn, protect employees, and notify the utility company in writing (12 NYCRR 23-1.13 [b] [2]-[4], [6]). The jury could have found that defendants' failure to

comply with these rules amounted to a breach of subdivision 6 and that such was a proximate cause of plaintiff's injuries. If so, defendants could be apportioned a share of the liability, and the jury should be permitted to consider this question apart from consideration of the claim over against the third-party defendant. For the same reasons as stated herein and in the interest of justice, there must be a new trial in the companion action wherein the administrators of the estate of Charles J. Aldrich seek recovery for the wrongful death of their intestate (see *Rome Cable Corp. v Tanney,* 21 AD2d 342, 345; Siegel, New York Practice, § 163, p 205). (Appeals from judgment of Supreme Court, Cattaraugus County, Ostrowski, J. — negligence.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.