■ GEORGIA LEE, Respondent, v BANK OF NEW YORK, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendant Bank of New York appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), dated February 9, 1987, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal amount of $85,000.

Ordered that the judgment is affirmed, with costs.

After trial of the liability phase of this negligence action, the jury returned a verdict finding the defendant Bank of New York 100% liable for the injuries sustained by the plaintiff when she slipped and fell in the parking lot of the bank. During trial of the damages phase of the action, the plaintiff's counsel included in his summation a series of rhetorical questions concerning the duration and monetary value of the pain which the plaintiff allegedly suffers as the result of her injury. He further asked if her injury might be worth $100 per day, or possibly $1,000 per day. The appellant claims that its subsequent motion for a mistrial should have been granted because these summation comments constituted reversible error. Under the circumstances presented in this case, we find this contention unpersuasive.

It is true that we have held that resort to this so-called "time-unit" argument in determining an award for pain and suffering warrants reversal *(see, De Cicco v Methodist Hosp.,* 74 AD2d 593). The rationale underpinning this holding has been stated as follows: "In view of the fact that there is no mechanical method by which pain and suffering may be translated into dollars and cents, the time-unit technique injects an element of false simplicity into the determination by holding out a mathematical formula by which damages may be neatly calculated. *To that extent the technique tends to deflect the jury from the essential task of exercising its own sound discretion in determining the appropriate award* (cf.

*Botta v Brunner,* 26 NJ 82)" *(De Cicco v Methodist Hosp., supra,* at 594 [emphasis supplied]).

Thus, it is clear that what is prohibited is an award based on an arbitrary, simplistic formula, rather than one that will justly and fairly compensate the plaintiff. The mere suggestion to the jury that they consider certain units of time in reaching an award without ascribing a dollar amount for each unit does not require a reversal *(see, Tate v Colabello,* 58 NY2d 84; *Feldman v Town of Bethel,* 106 AD2d 695, 698). Obviously, a formula which did not contain a monetary unit would not "deflect the jury from the essential task of exercising its own sound discretion in determining the appropriate award" *(De Cicco v Methodist Hosp., supra,* at 594).

In this case it is true that plaintiff's attorney did suggest monetary units of $100 a day and $1,000 a day to the jury. Had the jury resorted to a simplistic approach and multiplied those amounts by the suggested number of units, 11,000 days, the award would have been either $1,100,000 or $11,000,000 or some other amount easily recognized as a product of the formula. The jury in this case was not, however, deflected from their essential task and awarded the plaintiff $85,000, a sum which the appellant does not find excessive, unfair or unreasonable. While this summation technique is not to be encouraged, any technical error committed by the plaintiff's attorney in suggesting a "time-unit" approach was, in this case, harmless *(see, Restey v Victory Mkts.,* 127 AD2d 987, *lv denied* 69 NY2d 613). We are mindful of the abilities of the trial courts and this court to set aside excessive verdicts based upon summation error (CPLR 4404 [a]; 5501 [c]; *see, Paley v Brust,* 21 AD2d 758). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.