*661 OPINION OF THE COURT
Nicholas A. Clemente, J.
The defendant Dr. Felix Shin moves and defendants St. John’s Queens Hospital, Catholic Medical Center of Brooklyn & Queens, Inc., Dr. Guillermo Montanez, Dr. Michael Tepedino cross-move for partial summary judgment, pursuant to CPLR 3212, to dismiss plaintiff’s pain and suffering causes of action.
In this medical malpractice action, decedent Josephine Cotilletta was admitted to defendant St. John’s Queens Hospital on May 6, 1986 for a Caesarian section delivery of her second child. After delivery of a healthy baby boy and while skin closure was being performed, a code 99 was called. Mrs. Cotilletta was resuscitated and transferred to the intensive care unit. Forty days later on June 16, 1986, another code 99 was called but this time, Mrs. Cotilletta could not be resuscitated. Defendants contend that no claim for conscious pain and suffering can be maintained since Mrs. Cotilletta was unconscious and in a coma from the time she was placed under anesthesia on May 6, 1986 until her death on June 16, 1986. In support of the motion, defendant Dr. Shin has attached two affidavits of Dr. Martin A. Green, a board-certified neurologist, who upon reviewing the reports and hospital chart is of the opinion that decedent was in a deep unconscious state and would have been unable to suffer any conscious pain and suffering. Defendants claim that Dr. Green’s opinion is supported by the examining physician and former defendant, Dr. Lopresti, in his examination before trial. In addition, defendants assert that since plaintiff has not proffered any medical affidavit to rebut the expert’s affidavits that the motion must be granted.
Plaintiff, in opposition to the motion, contends that the examination before trial testimony of decedent’s husband, Mr. Cotilletta, and her mother Paola Giacalone indicates that when they visited Mrs. Cotilletta, she exhibited awareness of her environment.
In her examination before trial, Mrs. Giacalone testified as follows:
"Q. As a layperson, in other words, as someone who is not a doctor was it your impression at any time from May 6, 1986 up until the date that your daughter passed away that she was ever awake, at any time that you saw her?
"A. She was never fully conscious, but when she would *662 speak to her of the children tears would come out of her (daughter’s) eyes.”
Mr. Cotilletta also indicated that his wife, on several occasions, appeared to resist having a needle inserted in her arm and "showed some tears and — when I was talking to her”. Plaintiff maintains that these responses indicate that decedent had an awareness of her environment sufficient to establish that she was experiencing conscious pain and suffering.
Defendant’s expert, nevertheless, maintains that there was an absence of consciousness — accounting for any movement or activity by the decedent as involuntary and automatic neurologic responses.
There is no dispute that pain and suffering is not compensable without conscious awareness (McDougald v Garber, 73 NY2d 246; Regan v Long Is. R. R. Co., 128 AD2d 511; Jones v City of New York, 57 AD2d 429). In order for a party to recover nonpecuniary damages, there must be "some level of awareness” by the person of the pain and suffering (McDougald v Garber, supra, at 255). Further, mere movement of head and limbs without manifestation of pain is not sufficient (Parker v McConnell Mfg. Co., 40 AD2d 587). There is also little dispute that the defendants have made out, through the expert’s affidavits, a prima facie case for summary judgment and have shifted the burden to the plaintiff who must proffer admissible evidence of the existence of a factual issue requiring a trial (Winegrad v New York Univ. Med. Center, 64 NY2d 851, on remittitur 111 AD2d 138; Zuckerman v City of New York, 49 NY2d 557).
There are several questions inextricably entangled in this motion:
First, since consciousness is the touchstone for recovery, may it be established by lay opinion evidence?
Second, if so, may it be established even in contravention of expert medical evidence?
Third, if so, is a competing medical affidavit on the issue still necessary to defeat a motion for summary judgment?
A negative answer to any of these questions would require the grant of partial summary judgment herein.
The first question must be answered in the affirmative. There are many areas of evidence where ordinary persons are permitted to give an opinion as to the apparent physical condition of a person which is open to ordinary observation *663 (see, Richardson, Evidence § 364 [Prince 10th ed]). In fact, in Sachs v Nassau County (151 AD2d 558, 559, quoting from Paley v Brust, 21 AD2d 758) it was stated that the jury would be free to "use their 'common sense and good judgment’ and draw on 'their common knowledge and general experience’ ” in determining whether a person experienced conscious pain and suffering.
As to the second question, that too, must be answered in the affirmative.
While an expert’s opinion may be given great weight by the trier of the facts, it is nevertheless assessed in the context of all of the evidence in a case, "expert or other” (see, PJI 1:90).
Mr. Cotilletta and Mrs. Giacalone, as lay witnesses, may testify to their observations and opinions as to consciousness based upon their day-to-day contact and experiences with the decedent. So, too, may defendants’ experts, based upon the hospital charts and other criteria in evidence, give their medical opinions as to any lack of consciousness.
It is thus apparent that the mere superiority of intellectual credentials does not require exclusion of lay evidence nor mandate a specific finding of fact. Stated otherwise, lay opinions may compete with medical opinions where the issue relates to matters cognizable by either.
Finally, the third question must be answered in the affirmative. Plaintiff is only required to rebut expert opinion evidence by use of an expert where the matters are not within the ordinary experience and knowledge of laymen (Fiore v Galang, 64 NY2d 999; Wind v Cacho, 111 AD2d 808, appeal dismissed 67 NY2d 871). As we have already determined, the issue at hand, despite being as to a material fact, is susceptible to lay opinion evidence.
In addition, implicit in the requirement that plaintiff come forward with a medical affidavit in these types of cases, is that the material fact relates to the medical malpractice.
Here, however, the facts do not relate to malpractice but rather to the question of consciousness. This, as we have determined, may be established by lay opinion evidence. Therefore, it must be concluded that plaintiff need not present medical affidavits in order to prevail in these motions.
Accordingly, defendants’ motions for summary judgment are denied.