OPINION OF THE COURT
Jose A. Padilla, Jr., J.
In this case of first impression, the sole issue is whether a unit of time measure of damages argument made by plaintiff’s counsel, during his opening statement in this personal injury action, warrants a declaration of a mistrial. Upon oral argument, and its own research, the court makes the following determination:
The purpose of an opening statement is to permit the parties to advance their client’s theory of recovery or defense before the jury. Counsel is permitted to present those facts that can be proven and communicate the issues to the jury (De Vito v *571 Katsch, 157 AD2d 413, 415, n 1 [2d Dept 1990]). Similarly, a closing statement, or summation, is designed to afford parties the opportunity to: address the jury with respect to the contentions; comment on the credibility of the witnesses; summarize the evidence adduced at trial; and ask the jurors to draw certain inferences in their favor. Furthermore, during summation in a personal injury action, plaintiff’s counsel may ask for a specific amount for pain and suffering in the form of a lump-sum figure as stated in the ad damnum clause of the complaint, or a figure based on the evidence as a matter of fair comment (see, Tate v Colabello, 58 NY2d 84 [1983]; Braun v Ahmed, 127 AD2d 418 [2d Dept 1987]).
It is, however, improper for a counsel to raise a per diem argument, otherwise known as a “unit of time” measure of damages, by referring to plaintiff’s life in terms of days, months, or years in asking the jury to determine past and future pain and suffering awards in reaching a verdict (Paley v Brust, 21 AD2d 758 [1st Dept 1964]; De Cicco v Methodist Hosp., 74 AD2d 593 [2d Dept 1980]). In De Cicco, the appellate court noted (at 594): “In view of the fact that there is no mechanical method by which pain and suffering may be translated into dollars and cents, the time-unit technique injects an element of false simplicity into the determination by holding out a mathematical formula by which damages may be neatly calculated. To that extent the technique tends to deflect the jury from the essential task of exercising its own sound discretion in determining the appropriate award.”
Furthermore, in De Cicco (supra), plaintiffs counsel specified certain dollar amount awards for past and future pain and suffering and emphasized to the jury that the amounts did not sound like a lot of money after he broke it down based upon the years of plaintiffs life expectancy. Although the trial court, in De Cicco, gave a curative instruction, the appeals court found that such impropriety was not curable and directed a new trial on damages only.
Published case law dictates that a unit of time argument on summation constitutes reversible error, where the matter is timely preserved for appeal, warranting a new trial (Halftown v Triple D Leasing Corp., 89 AD2d 794 [4th Dept 1982]), or at a minimum, a new trial on damages only (see, Paley v Brust, supra; Jacobs v Peress, 24 AD2d 746 [1st Dept 1965]; De Cicco v Methodist Hosp., supra; Feldman v Town of Bethel, 106 AD2d 695 [3d Dept 1984]; cf., Lee v Bank of N. Y., 144 AD2d 543 [2d Dept 1988] [the Court, while finding error, affirmed verdict of *572 $85,000 where plaintiffs counsel’s unit of time argument sought millions in pain and suffering]).
In the case at bar, plaintiffs counsel took the unprecedented tactic of, during opening statement, telling the jury that he intended to ask them to award his client the amount of $850,000. He then proceeded to break down the amount as follows: $30,000 for past medical expenses; $20,000 for future medical expenses; $200,000 for past pain and suffering (for two surgeries); $600,000 for 40 years’ future pain and suffering at $15,000 per year (40 years being the expected life span of plaintiff).
Immediately thereafter defense counsel objected and timely moved for a mistrial. While this court has not found a published decision where counsel raised a unit of time argument on opening, the impact and damage of such an argument at any stage of a jury trial is clear on its face and from the preceding case law cited, especially Paley (supra) and De Cicco (supra). The jury’s mind has already been infected with respect to its essential task of using its own judgment. Had plaintiffs counsel not mentioned any specific dollar amounts for each unit or multiples of the unit, the error would not have been fatal (see, Tate v Colabello, supra).
Plaintiff’s reliance on Chlystun v Frenmer Transp. Corp. (74 AD2d 862 [2d Dept 1980]) is misplaced. In Chlystun, unlike in the case at bar, defense counsel failed to make a timely objection to the unit of time argument on summation. Moreover, the appellate court ordered a new trial unless that plaintiff agreed to accept $250,000 instead of the $500,000 the jury awarded. Finally, the appeals court decision made no reference concerning what unit of time measure argument had been made by plaintiffs counsel.
In light of the posture of this case, this court finds defendant established entitlement to a mistrial, as a matter of law. A curative instruction, while not requested by either party, would be rendered meaningless when plaintiff, on summation, would be entitled to renew his request for certain monetary damages.