Grasha v Town of Amherst (2021 NY Slip Op 00703)





Grasha v Town of Amherst


2021 NY Slip Op 00703


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


680.6 CA 19-00829

[*1]KORI GRASHA, PLAINTIFF-RESPONDENT,
v
TOWN OF AMHERST, DEFENDANT-APPELLANT, ET AL., DEFENDANT. (APPEAL NO. 1.) 






BOUVIER LAW LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.
ROLAND M. CERCONE, PLLC, BUFFALO (ROLAND M. CERCONE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered November 16, 2018. The order and judgment awarded plaintiff money damages against defendant Town of Amherst upon a jury verdict. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle collision. As a result of the accident, plaintiff suffered from neck pain, chronic headaches, and shoulder pain. In the seven years between the accident and trial, plaintiff pursued multiple forms of treatment, including chiropractic care, massages, Botox treatments, acupuncture, and shoulder surgery, to reduce her symptoms and regain her pre-accident level of activity.
The jury found in favor of plaintiff and, in relevant part, awarded her $115,000 for past pain and suffering and $600,000 for future pain and suffering. In appeal No. 1, Town of Amherst (defendant) appeals from an order and judgment entered upon the jury verdict. In appeal No. 2, defendant appeals from an order denying in part its motion pursuant to CPLR 4404 to set aside the verdict.
Initially, we note that the appeal from the final order and judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2. We therefore dismiss the appeal from the order in appeal No. 2 (see CPLR 5501 [a]; see generally Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
We reject defendant's contention that the summation of plaintiff's counsel deprived defendant of a fair trial. With respect to defendant's contention that plaintiff's counsel improperly encouraged the jury to apply a time-unit formula in calculating damages for pain and suffering, we conclude that, although reference "to [a] time-unit formula for valuing pain and suffering [is] clearly an improper remark" (Halftown v Triple D Leasing Corp., 89 AD2d 794, 794 [4th Dept 1982]; see De Cicco v Methodist Hosp. of Brooklyn, 74 AD2d 593, 594 [2d Dept 1980]), counsel here did not directly advocate the use of such a formula. Moreover, to the extent that counsel's remarks could be construed as indirectly suggesting the use of a time-unit formula, we note that counsel coupled his comments regarding the amount requested with a reminder that jurors were the sole judges of what constitutes a reasonable verdict, and we therefore conclude that any alleged error was harmless because it did not "deflect the jury from the essential task of exercising its own sound discretion in determining the appropriate award" (Lee v Bank of N.Y., [*2]144 AD2d 543, 544 [2d Dept 1988] [internal quotation marks omitted]; see also Chlystun v Frenmer Transp. Corp., 74 AD2d 862, 862 [2d Dept 1980]).
With respect to defendant's remaining challenges to plaintiff's summation, the record shows that Supreme Court sustained each of defendant's relevant objections and, when requested, gave curative instructions that corrected any possible prejudice occasioned by the purportedly improper comments (see Wilson v County of Westchester, 148 AD3d 1091, 1092 [2d Dept 2017]).
Defendant also contends that the verdict with respect to the award of damages for past and future pain and suffering is excessive. We reject that contention. In evaluating whether the jury award is excessive, we consider whether the verdict deviates materially from what is considered reasonable compensation (see CPLR 5501 [c]; Hotaling v Carter, 137 AD3d 1661, 1662-1663 [4th Dept 2016]; Swatland v Kyle, 130 AD3d 1453, 1454-1455 [4th Dept 2015]; Inya v Ide Hyundai, Inc., 209 AD2d 1015, 1015 [4th Dept 1994]). Because monetary awards for pain and suffering "are not subject to precise quantification . . . , we look to comparable cases to determine at which point an award deviates materially from what is considered reasonable compensation" (Huff v Rodriguez, 45 AD3d 1430, 1433 [4th Dept 2007] [internal quotation marks omitted]).
Here, plaintiff was 33 years old at the time of the accident and had a projected future life expectancy of 41.9 years. The evidence at trial established that, as a result of the accident, plaintiff sustained soft tissue injuries to her neck and shoulder and had suffered daily headaches, chronic neck pain, weakness and numbness in her left arm, and decreased sensation in her left hand. Plaintiff's shoulder required surgical repair, her neck and head pain persisted, and she would need continued medical care in the future. With respect to past pain and suffering, we conclude that $115,000 does not deviate materially from reasonable compensation in light of prior comparable cases (see Barrow v Dubois, 82 AD3d 1685, 1686-1687 [4th Dept 2011]). We further conclude that the jury's award of $600,000 for future pain and suffering does not deviate materially from reasonable compensation (see Keeler v Reardon, 49 AD3d 1211, 1212 [4th Dept 2008]).
Finally, we are unable to review defendant's contention that plaintiff failed to comply with the disclosure requirements of 22 NYCRR 202.17 with respect to various medical records and reports and that she failed to disclose a lay witness to defendant until the eve of trial inasmuch as defendant failed to make a record sufficient to allow this Court to evaluate its contention (see DeFisher v PPZ Supermarkets, Inc., 186 AD3d 1062, 1062 [4th Dept 2020]; Leeder v Antonucci, 174 AD3d 1469, 1470 [4th Dept 2019]; Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court