OPINION OF THE COURT
Fuchsberg, J.
This appeal poses questions which commonly recur in the trial of damage issues in personal injury litigation. These arise in the context of a $320,000 jury verdict in favor of 15-year-old Liza Tate, who two years earlier had been struck by defendants’ motor vehicle, which allegedly ran a traffic light while she and three other youngsters were crossing a city street.
On defendants’ CPLR 4404 motion, the trial court, after reserving decision on a claim of excessiveness alone and *86 expressly declining to reconsider rulings which it had made adversely to the defendants during trial, eventually granted the motion and ordered a new trial in toto. The Appellate Division thereafter modified by reinstating the verdict on liability and directing a new trial as to damages alone unless consent was given, which it was, to reduction of the verdict to $150,000. In so deciding, the court observed that “[njo cogent reason was given as to why a new trial on liability was necessary” and, concordantly, commented that it also “did not find that the verdict on liability was contrary to the weight of the evidence or that the interest of justice would be served” by disturbing it.
Defendants now pursue this further appeal from the modification as a matter of right under CPLR 5601 (subd [a], par [iii]; see Dalrymple v Shults Chevrolet, 39 NY2d 795). For, while an order of the Appellate Division which reinstates a jury verdict on a weight of evidence question is not reviewable in this court (e.g., Goehle v Town of Smith-town, 55 NY2d 995),* errors of law properly preserved during the course of trial nevertheless may be reviewed (see Gutin v Mascali & Sons, 11 NY2d 97, 99; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 148, p 588).
Turning then to the errors assigned, we initially treat with defendants’ argument that the trial court committed reversible error when it admitted what, they insist, was evidence of “a new injury” without plaintiff having first obtained leave of the court to include it in a supplemental bill of particulars (CPLR 3043, subd [c]). The “new injury” consisted of an “asymmetrical looking chest”. Served some eight months earlier than its supplement, the original bill had listed as permanent, among other things, a dislocation of the spine at the conjunction of the sixth and seventh cervical vertebrae, a displaced, overriding fracture of the midshaft of the right clavicle and resulting shoulder and clavicular “deformation” affecting the thoracic (chest) and *87 spinal areas. Timely served more than 30 days before trial (CPLR 3043, subd [b]), in comparison, the supplemental bill, which incorporated an orthopedic surgeon’s update, spoke of stiffness and atrophy of the right shoulder, cervical muscle spasm, distortion of the right clavicle from excessive callus (new bone) formation and atrophy, with a consequent one inch lowering of the right shoulder which produced a “permanent cosmetic disfiguration” in the form of an “asymmetrical looking chest”.
Reasonably and realistically read, especially in light of the dynamics of maturing injuries, we cannot say that the later, and therefore more definitive, statement of the hardly unanticipatable sequellae of essentially the selfsame permanent injuries recited in the earlier bill could have come as a surprise (see Siegel, New York Practice, § 242, p 297). At most, it expanded on the extent of the continuing disability rather than on the nature of the injuries (see Cardone v University Hosp., 78 AD2d 645). All the more is this so since the service of the supplement was accompanied by plaintiff’s proffer of a new physical examination, an offer which the defendants, neither then nor when it was tendered again at the time of trial, ever accepted.
Nor is there any more merit to defendants’ contention that a motion for a mistrial should have been granted when plaintiff’s counsel, in summation, took the liberty to “suggest” the sum he believed appropriate compensation for the injuries sustained, the amount he thus named being within that demanded in the complaint. It goes without saying that one of the functions of the jurors in this case was to translate the value of the infant’s injuries and of her consequent pain and suffering into dollars and cents. In support of the path of reasoning by which he would persuade them on this subject, it was counsel’s privilege “to place before the jury his client’s contentions in this regard” and, to this end, he was “entitled to state the amount of damages demanded” (Rice v Ninacs, 34 AD2d 388, 392 [Del Vecchio, J. P.]). Moreover, appropriately, this was followed by an instruction during the court’s charge to the jury that the ultimate measure of damages was to be “a *88 sum of money which will justly and fairly compensate” the plaintiff (PJI 2:280, 2:281).
Defendants further complain of the fact that plaintiff’s counsel, in the course of his summation, after referring to Ms. Tate’s life expectancy of 64 years, asked the jury a series of rhetorical questions as to the value of pain over such a period of time. This they would have us condemn as an impermissible resort to a so-called “per diem” or “unit of time” argument, under which small units of time of pain and suffering are given a specific monetary value and multiplied at this rate for the entire time for which it might be endured (Pain and Suffering Damages — Per Diem Basis, Ann., 3 ALR4th 940, 944). But review of the record discloses that counsel suggested no specific monetary value for units of time and, not having done so, perforce did not multiply them for the jury. So, while, concededly, the propriety of the unit of time approach is a subject on which the decisions of our sister States are in conflict (Ann., 3 ALR4th, at pp 944-945), and we have not had the opportunity to pass on it, this case does hot present the occasion to do so.
Accordingly, on review of the submissions pursuant to rule 500.2 (b), the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs.

 Any alleged excessiveness or inadequacy of the jury’s verdict is similarly beyond this court’s power of review (Zipprich v Smith Trucking Co., 2 NY2d 177, 180). The power to grant a new trial unless a party agrees to stipulate to pay a greater amount or accept a lower amount, as the case may be, is committed to the discretion of the trial court and the Appellate Division (O’Connor v Papertsian, 309 NY 465, 471).