■ LISA A. PAULING, Appellant, v BRUCE R. GLICKMAN et al., Respondents. [648 NYS2d 339] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 20, 1995, as granted the defendants' motion to strike the plaintiff's supplemental bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

In her original bill of particulars the plaintiff alleged that she had suffered injuries, *inter alia,* to her spine as the result of a car accident on May 15, 1990. The plaintiff served a supplemental bill of particulars elaborating further on her spine injuries, and offered to undergo another physical examination. The defendants thereafter moved to strike the supplemental bill of particulars as untimely and improper.

The court erred in granting the defendants' motion to strike the supplemental bill of particulars. To supplement a bill of particulars with respect to continuing damages, the continuing damages must be an anticipated sequelae of the original injuries suffered and described in the original bill of particulars (*Tate v Colabello,* 58 NY2d 84, 86-87; *see,* CPLR 3043 [b]). Here, the proposed supplemental bill of particulars merely expanded upon the continuing disabilities alleged in the original bill and did not set forth a new legal theory of liability or new injuries (*see, Tate v Colabello, supra,* at 87). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.