■ SEAN RYAN et al., Appellants, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff. SIMPSON METAL, INC., et al., Third-Party Defendants-Respondents. [703 NYS2d 90] —Order, Supreme Court, New York County (Louis York, J.), entered August 18, 1998, which dismissed the action, unanimously reversed, on the law, without costs, and the complaint reinstated. Appeal from order, same court and Justice, entered December 24, 1998, which denied reargument and adhered to its earlier decision, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

Although plaintiff had complied with 22 NYCRR 202.17 by providing authorizations as well as all the records and reports of the two physicians, plaintiff did not serve a CPLR 3101 (d) response as to either doctor. Defendants, although conceding that the doctors could testify regarding their examinations and treatment of plaintiff, took the position that they were precluded from offering their expert opinions on the issue of proximate cause. The IAS Court agreed. Moreover, based upon the prospect that plaintiff could not relate his injuries to the accident without expert testimony as to causation, it dismissed the action.

This was an improvident exercise of the court's discretion. When the plaintiff's intended expert witness is a treating physician whose records and reports have already been fully disclosed pursuant to CPLR 3121 and 22 NYCRR 202.17, the failure to serve a CPLR 3101 (d) notice regarding that physician does not justify a preclusion of that expert's testimony on the issue of causation, since the defendant has sufficient notice of the proposed testimony, and neither surprise nor prejudice would result (*see, McGee v Family Care Servs.,* 246 AD2d 308;

*see also, Cutsogeorge v Hertz Corp.*, 264 AD2d 752 754; *Mantuano v Mehale*, 258 AD2d 566, 567; *Overeem v Neuhoff*, 254 AD2d 398, 400; *Freeman v Kirkland*, 184 AD2d 331). To the extent that defendants have been prejudiced by lack of information as to the physicians' credentials, that issue can be easily resolved by Supreme Court prior to trial. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.