■ ANTHONY BREEN, Appellant, v LARIC ENTERTAINMENT CORP., Doing Business as THE DUPLEX, et al., Respondents. [769 NYS2d 270]—

Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered November 25, 2002, which dismissed the complaint, and which brings up for review in limine rulings precluding plaintiff from calling Edwin Alicea as a witness, unanimously reversed, on the law and the facts, without costs, the motions to dismiss and preclude witnesses denied, the judgment vacated, the complaint reinstated, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered March 14, 2002, which granted defendants' in limine motion to dismiss the complaint for failure to serve a CPLR 3101 (d) statement and failure to have a physician scheduled to testify, unanimously dismissed as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered November 19, 2002, which denied plaintiff's motion to renew and reargue, unanimously dismissed, without costs, as academic with respect to renewal and as taken from a nonappealable order with respect to reargument.

Plaintiff commenced this action in August 1998 for personal injuries allegedly sustained as a result of being thrown down a flight of stairs by defendant Joseph Steele, an employee of defendant cabaret/piano bar Laric Entertainment Corp., doing business as "The Duplex." On December 5, 2001, the day trial was to begin, defendants moved to, inter alia: (1) preclude plaintiff from calling Edwin Alicea (Alicea) as a witness, since he had not been placed on a witness list; and (2) dismiss the complaint, on the ground that plaintiff could not relate his injuries to the purported attack, since he had failed to serve a CPLR 3101 (d) expert witness statement or schedule a physician to testify. The trial court, ruling from the bench, granted the motions to preclude the witness's testimony and to dismiss the complaint, and the latter decision was subsequently embodied in the March 2002 written order. Plaintiff moved to renew and reargue, which the Court denied, and thereafter judgment was entered dismissing the complaint.

Where, as here, a plaintiff's intended expert medical witness is a treating physician whose records and reports have been fully disclosed pursuant to CPLR 3121 and 22 NYCRR 202.17, a failure to serve a CPLR 3101 (d) notice regarding that doctor does not warrant preclusion of that expert's testimony on causation, since the defendant has sufficient notice of the proposed testimony to negate any claim of surprise or prejudice (*see Ryan*

*v City of New York*, 269 AD2d 170 [2000]). We also note that defendants did not move to compel compliance with CPLR 3101 (d) until after the jury had been selected (*see Freeman v Kirkland*, 184 AD2d 331 [1992]), and that failure to comply with CPLR 3101 (d) is not a basis for dismissal, but, at most, preclusion of the expert's testimony at trial (*see Mulligan v New York Cornell Med. Ctr.*, 304 AD2d 492 [2003]; *Colome v Grand Concourse 2075*, 302 AD2d 251, 252 [2003]). Although the trial court stated that the physician had not been scheduled to testify, plaintiff's counsel asserted, on the record, that the witness would testify.

Even if there had been some justification for precluding plaintiff's physician from testifying, dismissal of the complaint would have been improper, since causation in this case could be proved without expert testimony, in that the results of the alleged assault and battery are within the experience and observation of an ordinary layperson (*see Lanpont v Savvas Cab Corp.*, 244 AD2d 208, 212 [1997]).

Even though plaintiff did not include Alicea on his witness list, the trial court abused its discretion in precluding him from testifying, since the nondisclosure was not willful, and defendants were not only aware of the existence of Alicea, an eyewitness to the incident, but even possessed a transcript of a nonparty deposition of Alicea and included him on their own witness list (*see Rivera v City of New York*, 253 AD2d 597, 601 [1998]; *Guillen v New York City Tr. Auth.*, 192 AD2d 506, 508 [1993]). Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.