■ PATRICIA FORTUNATO et al., Appellants, v PERSONAL WOMAN'S CARE, P.C., et al., Defendants, and MICHAEL R. KESSLER et al., Respondents. [817 NYS2d 649]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited

by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 16, 2005, as granted that branch of the motion of the defendants Michael R. Kessler, Suffolk Anesthesiology Associates, and Kathleen Ann Dropela which was, in effect, to strike the plaintiffs' supplemental bill of particulars to the extent that it referred to loss of future earnings and to preclude them from introducing evidence related thereto.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendants Michael R. Kessler, Suffolk Anesthesiology Associates, and Kathleen Ann Dropela which was, in effect, to strike the plaintiffs' supplemental bill of particulars to the extent that it referred to loss of future earnings and to preclude them from introducing evidence related thereto is denied, and the matter is remitted to the Supreme Court, Suffolk County, to schedule further discovery with respect to the plaintiffs' claim for loss of future earnings including a further examination before trial of the plaintiff Patricia Fortunato, a physical examination of the plaintiff Patricia Fortunato, and exchange of authorizations with respect to her updated medical condition including authorizations for Dr. Richard Lechtenberg and Dr. Theodore Lidsky.

In their original bill of particulars, the plaintiffs claimed that the injured plaintiff sustained short-term memory loss, long-term memory loss, flat affect, disturbed cognitive and affective function, and ischemic brain damage, and alleged past lost earnings. At issue here is whether the plaintiffs could serve a supplemental bill of particulars alleging loss of future earnings after the case was certified for trial.

Contrary to the respondents' contention, the allegation of loss of future earnings contained in the supplemental bill of particulars did not constitute a new cause of action or new injury. Rather, that allegation constituted a claim of "continuing special damages and disabilities" (CPLR 3043 [b]) which can be asserted, as of right, pursuant to CPLR 3043 (b) (see *Berman v Wheels, Inc.*, 207 AD2d 704 [1994]; *Pines v Muss Dev. Co.*, 172 AD2d 600 [1991]). There was no showing that the supplemental bill of particulars was served on the eve of trial nor was there any showing of prejudice.

Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the motion of the defendants Michael R. Kessler, Suffolk Anesthesiology Associates, and Kathleen Ann Dropela which was, in effect, to strike the plaintiffs' supplemental bill of particulars to the extent that

it referred to loss of future earnings and to preclude them from introducing evidence related thereto. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.