MARYUM SHAHID, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Appellants. [850 NYS2d 521]—

In an action to recover damages for medical malpractice, the defendant New York City Health & Hospitals Corporation appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Elliot, J.), dated November 16, 2006, which, inter alia, denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, to preclude the plaintiff from offering evidence at trial of certain economic damages set forth in the plaintiff's supplemental bill of particulars, and the defendant Bum Y. Park separately appeals, as limited by his brief, from stated portions of the same order which, inter alia, denied those branches of his motion which were to preclude the plaintiff from offering, at trial, the testimony of certain expert witnesses and evidence of certain

economic damages set forth in the plaintiff's supplemental bill of particulars.

Ordered that the appeal by the defendant Bum Y. Park is dismissed as academic, without costs or disbursements, in light of our determination in *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008] [decided herewith]; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant New York City Health & Hospitals Corporation, and it is further,

Ordered that one bill of costs is awarded to the respondent, payable by the defendant New York City Health & Hospitals Corporation.

Relevant factual background is set forth in the companion appeal (*see Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008] [decided herewith]).

In support of that branch of the motion of the defendant New York City Health & Hospitals Corporation (hereinafter HHC) which was for summary judgment dismissing the complaint insofar as asserted against it, HHC submitted the affidavit of a pediatric expert who opined, to a reasonable degree of medical certainty, that HHC administered an adequate course of antibiotic treatment during the plaintiff's hospital stay to effectively prevent hearing loss, whether caused by pneumonia or meningitis, and the affidavit of a radiologist, who opined that the plaintiff's hearing loss was caused by a congenital abnormality. This evidence was sufficient to establish HHC's prima facie entitlement to judgment as a matter of law (*see Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791, 791-792 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]).

In opposition, the plaintiff submitted the affidavit of an expert who opined that HHC failed to diagnose and adequately treat the plaintiff for meningitis, which caused her hearing loss. The plaintiff also submitted the affirmation of a radiologist, who opined that the plaintiff did not suffer from a congenital abnormality and that her hearing loss had been caused by meningitis. Contrary to HHC's contentions, the opinions of the plaintiff's experts were based upon evidence in the record and raised triable issues of fact as to whether HHC departed from accepted standards of medical practice in failing to diagnose and adequately treat meningitis, thereby causing the plaintiff's injuries. Summary judgment may not be awarded in a medical malpractice action where the parties adduce conflicting opinions of medical experts (*see Shields v Baktidy*, 11 AD3d 671, 672 [2004]).

The Supreme Court correctly denied that branch of HHC's

motion which was to preclude the plaintiff from offering evidence at trial of certain economic damages set forth in the plaintiff's supplemental bill of particulars. Pursuant to CPLR 3043 (b), a plaintiff may serve a supplemental bill of particulars containing "continuing special damages and disabilities" without leave of the court if it alleges "no new cause of action . . . or new injury." Where, as here, the plaintiff seeks to allege continuing consequences of the injuries suffered and described in a previous bill of particulars, rather than new and unrelated injuries, the bill is supplemental, and leave of the court is not required (see Tate v Colabello, 58 NY2d 84, 87 [1983]; Fortunato v Personal Woman's Care, P.C., 31 AD3d 370, 371 [2006]; Zenteno v Geils, 17 AD3d 457, 458 [2005]).

HHC's remaining contention is without merit. Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.