■ Bobbi Spiegel, Appellant, v Kevin Gingrich, Respondent. [905 NYS2d 141]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 28, 2009, which granted defendant's motion to strike plaintiff's supplemental amended bill of particulars, reversed, as an exercise of discretion, without costs. Appeal from order, same court, Justice and date of entry, which granted defendant's motion to preclude plaintiff's biomedical engineer from testifying at trial as to proximate cause, unanimously dismissed, without costs.

The motion court improvidently exercised its discretion in granting defendant's motion to strike plaintiff's supplemental bill of particulars (*see Tate v Colabello*, 58 NY2d 84 [1983]; *see also Pauling v Glickman*, 232 AD2d 465 [1996]; *Cardone v University Hosp.*, 78 AD2d 645 [1980], *lv dismissed* 52 NY2d 704 [1981]). "It is well settled that leave to amend or supplement pleadings should be freely granted . . . unless prejudice and surprise directly result from the delay in seeking the amendment" (*Adams v Jamaica Hosp.*, 258 AD2d 604, 605 [1999]).

Here, there can be no legitimate claim of prejudice or surprise. In a progress note dated June 12, 2007, plaintiff's treating podiatrist, Dr. Doolan, assessed plaintiff with "chronic regional pain syndrome, RSD," i.e., reflex sympathetic dystrophy. Plaintiff's bill of particulars clearly apprised that she had sustained, inter alia, a proximal intra-articular fracture of the right first toe requiring surgery. The bill of particulars further advised that plaintiff had restricted range of motion of the right toe and right foot, and swelling and derangement of the right great toe.

The motion court, although it properly concluded that RSD was not a "new" injury, but a sequela of plaintiff's original injury, granted the motion to strike the supplemental bill of particulars because it was served 12 days before trial was scheduled to commence. This alleged "delay" resulted in the adjournment of the trial without date.

The CPLR contemplates that supplemental bills of particulars may be served 30 days before trial without leave of court (*see*

CPLR 3043 [b]). However, the CPLR grants a motion court the discretion to determine whether to allow a "late" supplemental bill, or an amended bill of particulars, provided no prejudice to the defendant results. Indeed, CPLR 3043 (c), entitled "[d]iscretion of court," provides, "Nothing contained in the foregoing shall be deemed to limit the court in denying in a proper case, any one or more of the foregoing particulars, or in a proper case, in granting other, further or different particulars."

Defendant herein cannot seriously contend that he was prejudiced. He argued, before the motion court, that evidence of RSD was in the record as early as June 2007, citing Dr. Doolan's assessment. Further, the adjournment of the trial without a date furnished ample opportunity for defendant to conduct discovery concerning plaintiff's allegation that she suffers from RSD. Given the manifest lack of prejudice to defendant, together with the adjournment of the trial without a date, it was an improvident exercise of discretion for the motion court to grant the motion to strike plaintiff's supplemental bill of particulars, based solely on the fact that the supplemental bill was served 12 days before the scheduled trial date.

The pretrial order limiting the scope of plaintiff's expert's expected trial testimony is not appealable before a judgment after trial is rendered (*Santos v Nicolas*, 65 AD3d 941 [2009]). Thus, we dismiss the appeal from this order. Concur—Moskowitz, Renwick and Manzanet-Daniels, JJ.

Tom, J.P., and DeGrasse, J., dissent in part in a memorandum by DeGrasse, J., as follows: I respectfully dissent. Plaintiff was injured when she slipped and fell on defendant's boat. Her supplemental amended bill, served 14 days before trial, contravened the 30-day deadline set forth in CPLR 3043 (b). She did not seek leave to serve a late supplemental bill, and offered no reasonable excuse for her delay (*see Torres v Educational Alliance*, 300 AD2d 469, 470-471 [2002]).

The pretrial order limiting the scope of plaintiff's expert's expected trial testimony is not appealable before a judgment after trial is rendered (*Santos v Nicolas*, 65 AD3d 941 [2009]). Accordingly, I would affirm the order entered September 28, 2009, which granted defendant's motion to strike plaintiff's supplemental amended bill of particulars, and dismiss the appeal from the order entered on the same date which granted defendant's motion to preclude plaintiff's biomedical engineer from testifying at trial as to proximate cause.