■ Peter Witherspoon, Respondent, v Surat Realty Corp. et al., Appellants. [918 NYS2d 889]—

The Supreme Court properly denied that branch of the defendants' motion which was to strike the plaintiff's supplemental bill of particulars, including the particulars of the plaintiff's left shoulder surgery. Pursuant to CPLR 3043 (b), a plaintiff may serve a supplemental bill of particulars containing "continuing special damages and disabilities" without leave of the court if it alleges "no new cause of action . . . or new injury." Where, as here, the plaintiff seeks to allege continuing consequences of the injuries suffered and described in previous bills of particulars, rather than new and unrelated injuries, the contested bill of particulars is a supplemental bill of particulars (*see Tate v Colabello*, 58 NY2d 84, 87 [1983]; *Maraviglia v Lokshina*, 68 AD3d 1066, 1067 [2009]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 798, 800 [2008]; *Zenteno v Geils*, 17 AD3d 457, 458 [2005]), rather than an amended or new bill of particulars. Furthermore, there was no showing of prejudice to the defendants, as the supplemental bill of particulars was served more than 30 days prior to trial and the Supreme Court directed the parties to conduct further pretrial proceedings (*see* 22 NYCRR 202.21 [d]; *Maraviglia v Lokshina*, 68 AD3d at 1067; *Fortunato v Personal Woman's Care, P.C.*, 31 AD3d 370, 371 [2006]).

The Supreme Court also properly denied that branch of the defendants' motion which was to vacate the note of issue and

certificate of readiness. A motion to vacate the note of issue and certificate of readiness made more than 20 days after their service will be granted only where "a material fact in the certificate of readiness is incorrect" or upon "good cause shown" (22 NYCRR 202.21 [e]; *see Torres v Saint Vincents Catholic Med. Ctrs.*, 71 AD3d 873 [2010]; *Ferraro v North Babylon Union Free School Dist.*, 69 AD3d 559, 561 [2010]). The defendants failed to satisfy these requirements (*see Schenk v Maloney*, 266 AD2d 199 [1999]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 139 [2000]; *Stella v Ahmed*, 223 AD2d 698 [1996]). Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.