■ GLADIS ANDERSON, Respondent, v ARIEL SERVICES, INC., et al., Appellants. [941 NYS2d 40]—

Order, Supreme Court, New York County (George J. Silver, J.), entered July 19, 2010, which denied defendants' motion to dismiss the complaint and/or to preclude plaintiff from submitting evidence at trial for failure to comply with discovery orders, unanimously affirmed, without costs. Order, same court and Justice, entered December 28, 2010, which, insofar as appealed from, denied defendants' motion to strike the complaint, to strike plaintiff's third verified bill of particulars and/or to preclude plaintiff from submitting evidence at trial, unanimously affirmed, without costs.

The motion court did not improvidently exercise its discretion in denying defendants' motions to the extent that they sought dismissal and/or preclusion (*see* CPLR 3126; *see also Gross v Edmer Sanitary Supply Co.,* 201 AD2d 390, 391 [1994]). Preclusion is not warranted since the record reflects that defendants themselves did not comply timely with the first preclusion order (*see e.g. DaimlerChrysler Ins. Co. v Seck,* 82 AD3d 581, 582 [2011]). Moreover, plaintiff proffered a reasonable excuse for the delay, including defendants' consent thereto, and the verified complaint, which alleged that plaintiff was injured when she was struck by defendants' vehicle while crossing the street in a crosswalk, with the right of way, evidenced the existence of a meritorious claim (*see Gibbs v St. Barnabas Hosp.,* 16 NY3d 74, 80 [2010]).

Plaintiff's third verified bill of particulars, which, inter alia, alleges that she had a third surgery, to remove hardware from her left tibia, the insertion of which hardware had been disclosed in an earlier bill of particulars, was a supplemental bill of particulars which concerned the "continuing consequences" of her previously identified injury, and thus, did not require prior leave of the court (*Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 798, 800 [2008]; *see* CPLR 3043 [b]). Since discovery relating to the third surgery had not previously been ordered, the court's direction of related disclosure, rather than sanctions, was appropriate. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.

---

Motion to take judicial notice denied.