■ RICHARD J. ERICKSON, Appellant, v CROSS READY MIX, INC., et al., Respondents, and TURNER CONSTRUCTION COMPANY, Defendant/Third-Party Plaintiff-Respondent. COMMODORE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [950 NYS2d 175]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered September 20, 2010, which denied his motion for leave to serve an amended bill of particulars.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's "Amended Response To Defendant's Demand For A Verified Bill Of Particulars" dated May 12, 2010, is deemed a supplemental bill of particulars, and the plaintiff's motion is denied as unnecessary.

The plaintiff allegedly was injured on a construction site when he was struck by a swinging chute on the back of a cement truck. In his initial response to a demand for a bill of particulars, the plaintiff claimed that his medical treatment would include "lumbar spinal fusion surgery." On May 12, 2010, after the surgery was performed, the plaintiff moved for leave to amend his bill of particulars to include, among other things, further injuries which he allegedly sustained during the surgery. The allegations were contained in a document attached to the motion, entitled "Amended Response To Defendant's Demand For A Verified Bill Of Particulars," also dated May 12, 2010. In the order appealed from, the Supreme Court denied the motion, finding that the doctrine of law of the case precluded reconsideration of the issue, since a court of coordinate jurisdiction had already denied the relief requested in the motion in a previous order dated September 22, 2008.

"The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see Gay v Farella*, 5 AD3d 540, 541 [2004]; *Gilligan v Reers*, 255 AD2d 486, 487 [1998]), "and to the same questions presented in the same case" (*RPG Consulting, Inc. v Zormati*, 82 AD3d 739, 740 [2011], citing *People v Evans*, 94 NY2d 499, 502 [2000]).

Here, in the previous order dated September 22, 2008, the Supreme Court denied that branch of the plaintiff's motion which was to compel acceptance of a paragraph in his supplemental bill of particulars that alleged the surgical injuries. The Supreme Court denied that branch of the motion on the sole ground that the bill of particulars was improperly denominated as a supplemental bill of particulars, rather than an amended bill of particulars, insofar as that paragraph was concerned. The Supreme Court, however, did not decide the issue of whether leave to amend the bill of particulars should be granted. Accordingly, the doctrine of law of the case did not prevent the Supreme Court from deciding whether the plaintiff should be permitted to amend the bill of particulars, although it did prevent that court from treating the "Amended Response To Defendant's Demand For A Verified Bill Of Particulars," as a supplemental bill of particulars. In any event, this Court is not bound by the doctrine of law of the case, and may make its own determination as to the true nature of the document (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 218 [2002]; *Martin v City of Cohoes*, 37 NY2d 162 [1975]; *Romagnolo v Pandolfini*, 75 AD3d 632, 634 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293, 1295 [2009]).

Pursuant to CPLR 3043 (b), a plaintiff in a personal injury action may serve a supplemental bill of particulars containing "continuing special damages and disabilities," without leave of the court, if it alleges "no new cause of action . . . or new injury." Where, as here, the plaintiff seeks to allege continuing consequences of the injuries suffered and described in previous bills of particulars, rather than new and unrelated injuries, the contested bill of particulars is a supplemental bill of particulars (*see Tate v Colabello*, 58 NY2d 84, 87 [1983]; *Witherspoon v Surat Realty Corp.*, 82 AD3d 1087 [2011]; *Maraviglia v Lokshina*, 68 AD3d 1066, 1067 [2009]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 798, 800 [2008]; *Zenteno v Geils*, 17 AD3d 457, 458 [2005]), rather than an amended bill of particulars. Since the document entitled "Amended Response To Defendant's Demand For A Verified Bill Of Particulars," which we deem to be a supplemental bill of particulars, was served more than 30 days prior to trial, leave of court was not required (*see* CPLR 3043 [b]). Accordingly, the plaintiff's motion must be denied as unnecessary. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.