*837 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated December 19, 2012, which, upon denying her motion for leave to serve a second supplemental bill of particulars, in effect, precluded her from serving a second supplemental bill of particulars.
Ordered that the order is reversed, on the law, with one bill of costs payable by the defendant David A. Caffrey, the plaintiffs “Verified Second Supplemental Bill of Particulars” dated August 1, 2012, is deemed a second supplemental bill of particulars, and the plaintiffs motion is denied as unnecessary.
Where “the plaintiff seeks to allege continuing consequences of the injuries suffered and described in previous bills of particulars, rather than new and unrelated injuries, the contested bill of particulars is a supplemental bill of particulars, rather than an amended bill of particulars” (Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 718 [2012] [citations omitted]). Here, the plaintiffs second supplemental bill of particulars alleged that the plaintiff had surgery on her cervical spine. The plaintiff had already alleged injuries to her cervical spine in her original bill of particulars and in her supplemental bill of particulars. Thus, the second supplemental bill of particulars merely sought “to allege continuing consequences of the injuries suffered and described in previous bills of particular” (id. at 718). Since the plaintiff served the second supplemental bill of particulars more than 30 days before trial, leave of court was not required (see CPLR 3043 [b]). Accordingly, the plaintiffs motion for leave to serve a second supplemental bill of particulars should have been denied as unnecessary (see Erickson v Cross Ready Mix, Inc., 98 AD3d 717 [2012]; see also Witherspoon v Surat Realty Corp., 82 AD3d 1087, 1087-1088 [2011]; Ray v Alpha Omega Dev. Co., 287 AD2d 446 [2001]). Mastro, J.E, Hall, Austin and Sgroi, JJ., concur.