OPINION OF THE COURT
Richard J. Montelione, J.
Defendant moves for an order to strike plaintiff’s amended bill of particulars, which defendant contends that plaintiff incorrectly refers to as a “2nd Supplemental Bill of Particulars,” and to preclude plaintiff from offering any evidence with respect to any and all treatment by Dr. Ali Guy and Gramercy Park Physical Medicine and Rehabilitation, PC.
As an initial matter, plaintiff argues that defendant’s motion should be denied as she failed to demonstrate timely service of the order to show cause. It is undisputed that defendant’s order to show cause was served one day late. However, after oral argument, the court granted plaintiff additional time to serve his opposition thereto. As such, plaintiff’s argument that he is prejudiced by virtue of the service of the order to show cause by one day is unpersuasive and is rejected. This is not to imply that late service of papers is acceptable and counsel is warned that future late filings will result in careful consideration of any history of noncompliance under the CPLR.
*1029 With regard to the merits of the instant motion, the court is mindful that this matter was scheduled for trial multiple times and, notwithstanding the matter having been marked “Final” on September 9, 2015, plaintiff’s counsel proceeded to serve a “2nd Supplemental Bill of Particulars” on defense counsel on September 8, 2015, literally one day before trial. Plaintiff’s counsel contends that there is “no surprise” or prejudice at this juncture merely because several months have elapsed since then, but neglects to acknowledge that the service of such pretrial papers was on the eve of trial.
The court also notes that plaintiff did not move for leave to amend the pleading asserting that the bill of particulars served upon defense counsel on September 8, 2015 “supplemented additional information related to injuries and symptoms originally pled in plaintiff’s initial bill of particulars.” (Plaintiff’s aff in opp.) Specifically, plaintiff contends that his initial bill of particulars stated injuries of “post-concussion syndrome; post traumatic headaches; head pain; dizziness; nausea; double or blurred vision” and as these symptoms are “consistent with a traumatic brain injury,” plaintiff has not alleged any new injuries in his “2nd Supplemental Bill of Particulars” of “status post head trauma; with traumatic brain injury.” As such, the same should not be stricken. Likewise, plaintiff contends that “left shoulder impingement syndrome with adhesive capsulitis and bursitis” and “myofascial pain syndrome” should be permitted as well because these maladies are no more than descriptions which provide “supplemental clarification of injuries to body parts originally plead[ed].”
Neither plaintiff nor defendant has provided any medical support for their respective arguments regarding the issue of whether the plaintiff has “supplemented” or “amended” his bill of particulars. This court will, therefore, use a working definition for “traumatic brain injury” as found in the Public Health Law.
Public Health Law § 2741:
“As used in this article:
“1. ‘Traumatic brain injury’ means an acquired injury to the brain caused by an external physical force resulting in total or partial disability or impairment and shall include but not be limited to damage to the central nervous system from anoxic/ hypoxic episodes or damage to the central nervous system from allergic conditions, toxic substances *1030 and other acute medical/clinical incidents. Such term shall include, but not be limited to, open and closed brain injuries that may result in mild, moderate or severe impairments in one or more areas, including cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem-solving, sensory perceptual and motor abilities, psycho-social behavior, physical functions, information processing and speech. Such term shall not include progressive dementias and other mentally impairing conditions, depression and psychiatric disorders in which there is no known or obvious central nervous system damage, neurological, metabolic and other medical conditions of chronic, congenital or degenerative nature or brain injuries induced by birth trauma.
“2. ‘Concussion’ means a mild traumatic injury to the brain that is characterized by immediate and transient alteration of mental status and level of consciousness, resulting from mechanical force or trauma.” (Emphasis added.)
Using the Public Health Law for guidance as to the definition of “traumatic brain injury,” this court cannot accept plaintiff’s arguments that “post-concussion syndrome, post traumatic headaches, head pain, dizziness, nausea, double or blurred vision” are related to “cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem-solving, sensory perceptual and motor abilities, psycho-social behavior, physical functions, information processing and speech,” which is related to a working definition of “traumatic brain injury,” to place the defendant on notice of this newly alleged injury.
It is well settled law that if plaintiff is not merely updating allegations of special damages previously asserted in its bill of particulars, then leave to serve the disputed bill is necessary. (See Pearce v Booth Mem. Hosp., 152 AD2d 553 [2d Dept 1989].) Thus, plaintiff’s self-labeled “supplemental” bill of particulars, in reality, may be an amended bill of particulars if it sought to add new injuries or a new category of damages. (See Fuentes v City of New York, 3 AD3d 549 [2d Dept 2004].) While leave to amend a bill of particulars is ordinarily to be freely granted in the absence of prejudice and surprise, when leave to amend is sought on the eve of trial, judicial discretion should be exercised in a “discreet, circumspect, prudent, and cautious manner” *1031 (Smith v Plaza Transp. Ambulance Serv., 243 AD2d 555, 555 [2d Dept 1997]). Moreover, where there has been an inordinate delay in seeking leave, the plaintiff must establish a reasonable excuse for the delay, and submit an affidavit to establish the merits of the proposed amendment (see Smith v Plaza Transp. Ambulance Serv.; Volpe v Good Samaritan Hosp., 213 AD2d 398 [2d Dept 1995]). Plaintiff is not entitled to serve an amended bill of particulars after the note of issue is filed without leave of the court. (See Barrera v City of New York, 265 AD2d 516 [2d Dept 1999].) “Leave to serve an amended bill of particulars should not be granted where a [note of issue] has been filed, except upon a showing of special and extraordinary circumstances” (Sampson v Barber Salvage Co., 78 AD2d 977, 977 [4th Dept 1980]; Stewart v Dunkleman, 128 AD3d 1338 [4th Dept 2015], lv denied 26 NY3d 902 [2015]).
As the Court stated in Erickson v Cross Ready Mix, Inc. (98 AD3d 717, 718 [2d Dept 2012]),
“Pursuant to CPLR 3043 (b), a plaintiff in a personal injury action may serve a supplemental bill of particulars containing ‘continuing special damages and disabilities,’ without leave of the court, if it alleges ‘no new cause of action ... or new injury.’ Where, as here, the plaintiff seeks to allege continuing consequences of the injuries suffered and described in previous bills of particulars, rather than new and unrelated injuries, the contested bill of particulars is a supplemental bill of particulars (see Tate v Colabello, 58 NY2d 84, 87 [1983]; Witherspoon v Surat Realty Corp., 82 AD3d 1087 [2011]; Maraviglia v Lokshina, 68 AD3d 1066, 1067 [2009]; Shahid v New York City Health & Hosps. Corp., 47 AD3d 798, 800 [2008]; Zenteno v Geils, 17 AD3d 457, 458 [2005]), rather than an amended bill of particulars.”
Upon review of plaintiff’s and defendant’s submissions, the court finds that plaintiff’s “2nd Supplemental Bill of Particulars” regarding “traumatic brain injury” and “traumatic myofascial pain syndrome” is stricken. Plaintiff’s initial bill of particulars, as well as its supplemental bill of particulars, does not indicate such injuries. Regarding traumatic brain injury, the symptoms found in the original bill of particulars could just as well be consistent with someone suffering from the flu with a fever but does not otherwise suggest “traumatic brain injury.” Regarding the new allegation of “myofascial pain *1032 syndrome,” there is nothing in the original bill that refers to any facial injuries but only general injuries to the head. Regarding the new allegation of “left shoulder impingement syndrome with adhesive capsulitis and bursitis,” this is qualitatively different than the initial description of “pain in the left shoulder” as found in the original bill. This court will not allow a descriptive symptom to be replaced by specifying an actual diagnosis. (See and cf. Erickson v Cross Ready Mix, Inc.)
Parenthetically, even if plaintiffs bill of particulars was to be considered a supplemental bill of particulars and as such would not trigger the necessity of leave of court, under CPLR 3043 (b), “[a] party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial.” (Emphasis added; see also Grech v HRC Corp., 2012 NY Slip Op 31127[U] [Civ Ct, Queens County 2012].)
This does not affect plaintiffs opportunity to proceed with proving “post-concussion syndrome,” found in the original bill of particulars, which is a mild traumatic injury to the brain (see Public Health Law § 2741 [2]).
Further, defendant’s motion also sought to preclude any evidence with respect to any and all treatment by Dr. Ali Guy and Gramercy Park Physical Medicine and defendant contends that defendant is prejudiced by plaintiff’s disclosure of his expert witness five years after the note of issue was served and less than 30 days prior to trial. Plaintiff’s counsel asserts that the expert witness at issue, Dr. Ali Guy, has now become plaintiff’s treating physician so as to be out of the limitations of disclosure set forth by CPLR 3101 (d) and related case law. While the court is disturbed by the fact that plaintiffs counsel now asserts that Dr. Guy cannot be bound by CPLR 3101 (d) by virtue of becoming his treating physician approximately eight years after the alleged injury occurred and such fact was not known to defendant until five years after the note of issue was filed, the court nevertheless denies preclusion.
CPLR 3101 (d) (1) provides that, upon request, parties must identify those expected to be called as experts and “disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify . . . and a summary of the grounds for each expert’s opinion.” However, the failure to *1033 serve a CPLR 3101 (d) notice with regard to a treating physician is not grounds for preclusion of the physician’s expert testimony as to causation where there has been disclosure of the physician’s records and reports, pursuant to CPLR 3121 and Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (see Breen v Laric Entertainment Corp., 2 AD3d 298 [1st Dept 2003]; Ryan v City of New York, 269 AD2d 170 [1st Dept 2000]). As this court observed in Breen:
“Where ... a plaintiff’s intended expert medical witness is a treating physician whose records and reports have been fully disclosed ... a failure to serve a CPLR 3101 (d) notice regarding that doctor does not warrant preclusion of that expert’s testimony on causation, since the defendant has sufficient notice of the proposed testimony to negate any claim of surprise or prejudice” (2 AD3d at 299-300; see also Hamer v City of New York, 106 AD3d 504, 509 [2d Dept 2013]).
However, there is hardly any guidance provided by the parties as to the court’s approach when the records and reports are disclosed on a much later date, simply by virtue of the expert physician becoming the treating physician during the course of the litigation. One may even deduce that plaintiff may be attempting to circumvent CPLR 3101 (d) by virtue of selecting the expert physician to become the treating physician. Notwithstanding, as defendant now has sufficient notice of the proposed testimony via the medical reports and records, it negates any claim of surprise or prejudice. As such, defendant’s motion to preclude is denied. Plaintiff’s CPLR 3101 (d) was served about one year ago and defendant can hardly argue prejudice. (Cf. Rivers v Birnbaum, 102 AD3d 26 [2d Dept 2012].)
In summary, based on the foregoing, the defendant’s motion to strike plaintiff’s “2nd Supplemental Bill of Particulars” is granted but plaintiff may prove “post-concussion syndrome,” found in his original bill of particulars, because it is a recognized mild injury to the brain (see Public Health Law § 2741 [2]). Neither counsel may question any witness with the intention of eliciting a diagnosis regarding moderate or severe traumatic brain injury during the course of the trial. (See Public Health Law § 2741 [1].)
*1034 Defendant’s motion to preclude Dr. Ali Guy or Gramercy Park Physical Medicine and Rehabilitation, PC, from testifying, is denied.