| |
|---|
| **Velez v Comity Realty Corp.** |
| 2025 NY Slip Op 32155(U) |
| June 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150117/2020 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ADAM SILVERA                          PART                01

                                          *Justice*

-------------------------------------------------------------------X

MARC VELEZ,                                    INDEX NO.          150117/2020

                                               MOTION DATE       05/20/2025
                              Plaintiff,
                                               MOTION SEQ. NO.        002
                  - v -

COMITY REALTY CORP., COMITY LLC                **DECISION + ORDER ON**
                                                      **MOTION**
                              Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94

were read on this motion to/for                      PRECLUDE                .

Upon the foregoing documents, after oral arguments, and for the reasons set forth below, the order to show cause by the defendants, Comity Realty Corp. and Comity LLC ("Defendants"), is hereby denied in its entirety.

Via the order to show cause, Defendants seek, first, to strike the fifth supplemental bill of particulars of the plaintiff, Marc Velez ("Plaintiff"), which alleges $2.5 million in special damages, and to preclude Plaintiff's life-care-plan expert and expert economist, upon whose testimony the special damages are based. *See* Order to Show Cause, Mot. Seq. No. 002 (NYSCEF Doc. No. 82); Affirmation in Opposition to the Defendants' Motion to Preclude ("Opposition"), Exh. F, Fifth Supplemental Verified Bill of Particulars (in text, the "fifth supplemental BP" or the "BP"; in citations, "Fifth Supplemental BP"). Defendants argue that Plaintiff was late in serving the BP and the expert disclosures; that Plaintiff required leave of court to serve the BP; and that Plaintiff's experts rely on inadmissible evidence and draw speculative conclusions. *See* Affirmation in Support ("Support") ¶¶ 17-18, 21-30.

As to Defendants' argument that Plaintiff was late in serving the fifth supplemental BP and the expert disclosures, Defendants admit that Plaintiff served the expert disclosures on May 8 and 9, 2025, and the fifth supplemental BP on May 12, 2025, more than 30 days before the June 23, 2025, trial date. *See* Support ¶¶ 15, 38. As such, Plaintiff timely served the expert disclosures and the BP. *See* CPLR § 3043(b) (providing that a plaintiff "may serve a supplemental bill of particulars [on] … continuing special damages" at least 30 days before trial); Rules of the Chief Administrator of the Courts (22 NYCRR) § 202.17(g) (providing the same 30-day pre-trial deadline for expert disclosures).

Defendants are also mistaken that Plaintiff required leave of court before serving the fifth supplemental BP, which did not allege new injuries. Rather, "[r]easonably … read, especially in light of the dynamics of maturing injuries," the fifth supplemental BP "expanded on the extent of [Plaintiff's] continuing disability rather than on the nature of the injuries." *See Tate v Colabello,* 58 NY2d 84, 86-87 (1983); *compare generally* Fifth Supplemental BP *with* Opposition, Exh. A, Verified Bill of Particulars. As the fifth supplemental BP did not allege new injuries, Plaintiff did not require leave of court to serve it. *See* CPLR § 3043(b).

Lastly, Defendants' argument that Plaintiff's special-damages experts rely on inadmissible evidence and render speculative opinions is misguided. Plaintiff's experts evaluated Plaintiff and reviewed relevant medical records to draw their conclusions. *See generally* Opposition, Exh. G, Plaintiff's Expert Exchange Pursuant to C.P.L.R. 3101(d) Regarding Ali E. Guy, M.D.; *id.,* Exh. H, Plaintiff's Expert Exchange Pursuant to C.P.L.R. 3101(d) Regarding Debra S. Dwyer, Ph.D, Maria S. Sanmartin, Ph.D and Alan M. Leiken, Ph.D. Plaintiff's experts satisfy both *Frye* and foundation requirements. *See People v Wesley,* 83 NY2d 417, 422, 428-429 (1994), citing *Frye v United States,* 293 F 1013 (DC Cir 1923); *Cornell v 360 W. 51st St. Realty,*

**150117/2020   VELEZ, MARC vs. COMITY REALTY CORP.**
**Motion No. 002**

**Page 2 of 4**

*LLC*, 22 NY3d 762, 781 (2014). Though Defendants claim that Plaintiff is using the special-damages experts to "bootstrap[]" the testimony of Plaintiff's prior treating physicians without subjecting the treating physicians to cross-examination, Defendants present no evidence to support this argument. *See* Support ¶¶ 23-29. As such, this argument must be rejected.[1] Thus, there is no basis to strike the fifth supplemental BP and to preclude Plaintiff's special-damages experts.

As alternatives to striking the fifth supplemental BP and precluding Plaintiff's special-damages experts, Defendants seek to either vacate the note of issue or to stay this matter and, in either case, to compel documentary discovery and a deposition and medical examination of Plaintiff. But the note of issue in this case was filed in 2021, *see* NYSCEF Doc. No. 16, and Defendants did not file the instant order to show cause until May 2025, *see* NYSCEF Doc. No. 82, well after 20 days subsequent to the filing of the note of issue. As such, Defendants would have to show that "unusual or unanticipated circumstances develop[ed] subsequent to the filing of [the] note of issue … [that] require additional pretrial proceedings to prevent substantial prejudice." *See* 22 NYCRR § 202.21(d). Defendants have not made such a showing. Neither have Defendants shown that there is "good cause" to strike the note of issue, *see id.* § 202.21(e), or that a stay is otherwise warranted, *see* CPLR § 2201.

Accordingly, it is

ORDERED that Defendants' order to show cause is denied in its entirety; and it is further

ORDERED that all parties must appear in person in Room 300 of 60 Centre Street, New York, NY 10007, on June 25, 2025 at 9:30 a.m., for trial; and it is further

ORDERED that, within 30 days of entry, Plaintiff shall serve all parties with a copy of

---

[1] Of course, Defendants can challenge the opinions of Plaintiff's experts at trial. *See Wesley*, 83 NY2d at 427.

[* 3]

this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 6/18/2025 | | |
|---|---|---|
| DATE | | ADAM SILVERA, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150117/2020   VELEZ, MARC vs. COMITY REALTY CORP.**
**Motion No.  002**

Page 4 of 4