Jacob Markowitz, J.
The court on an application by James D. Norris to quash or modify a subpoena issued by the District Attorney of New York County requiring Norris to appear before a Grand Jury, designated Dr. A. Wilbur Duryea, a cardiologist recommended by the New York Academy of Medicine, to examine the applicant and report to the court with his opinion. The determination of the motion was held in abeyance pending the filing of the report. The motion was based upon Norris’s claim [supported by certificates of a physician] that “ any unusual, physical, emotional or mental effect would be deleterious to petitioner’s health and possibly to his life ”. The applicant was examined by Dr. Duryea on November 12, 1958. The purpose of this examination was to determine whether appearance before the Grand Jury would endanger the health and life of James D. Norris. Dr. Duryea in his report to the court after setting forth the complaints, history, past and systematic histories, physical examination of the applicant, findings as to electrocardiographs and diagnosis, stated as follows:
“ Opinion: It is my opinion that with the objective evidence found in this case of rather severe heart disease that, the emotional stress of a court appearance could readily produce another myocardial infarction which in itself could be fatal. My reasons for so stating are as follows:
“ 1. If the history is accurate this patient has had high blood pressure for many years and involvement of the heart with coronary artery disease for at least seven years.
‘ ‘ 2. My findings indicate advanced heart disease with a markedly enlarged heart and in a state of mild decompensation.
*1048 “ 3. It is a recognized fact by practically all cardiologists that emotional stress can readily produce myocardial infarction. This often occurs without any previous history of heart disease but in a patient with clear cut evidence such as shown by Mr. Norris the possibility is even greater. This point was emphasized rather widely at the recent meeting of the American Heart Association in San Francisco in October of this year.
“ Conclusions: I would therefore conclude that Mr. James D. Norris is suffering from advanced coronary artery disease associated with hypertension and an enlarged heart and although it might be possible to have him appear before the court without serious complication it is also highly probable that such an appearance would precipitate a serious complication of his underlying disease. ’ ’
In view of the foregoing, I find that the appearance of James D. Norris before the Grand Jury would endanger his health and life. Accordingly, the motion to quash the subpoena is granted.
Settle order.