■ WILLIAM BRADY, Individually and as Parent and Natural Guardian of DENISE A. BRADY, an Infant, Respondent, v BENEDICTINE HOSPITAL et al.,

Defendants, and ANTHONY LO GALBO, Appellants.—Appeal from an order of the Supreme Court at Special Term, entered January 19, 1979 in Ulster County, which denied appellant's motion to preclude pursuant to CPLR 3042 (subd [b]). At issue here is the adequacy of respondent's bill of particulars. Special Term denied appellant's motion for an order of preclusion or, in the alternative, an order requiring service of an amended bill of particulars. Appellant contends that the bill of particulars improperly reserves rights to furnish a supplemental bill of particulars without leave of court in Items Nos. 3, 6, 16, 19 and 20. CPLR 3043 (subd [b]) permits a supplemental bill to be served without leave of court with respect to continuing special damages and disabilities. No new cause of action or new injury may be claimed in such a supplemental bill. Items Nos. 3, 16 and 19 are not of the nature contemplated by CPLR 3043 (subd [b]), and the reservations made therein are improper and must be stricken. As to Items Nos. 6 and 20, these concern injuries to respondent and a reservation of a right to serve a supplemental bill is not improper since respondent would be entitled to serve such a bill in any event without application to the court. Appellant urges that respondent's failure to respond to Items Nos. 16, 19, 20 and 21, except by a reference back to Item No. 3, are inadequate responses to the demand. We agree (see *Whirl Knits v Adler Business Machs.*, 54 AD2d 760). Respondent should properly respond to Items Nos. 16, 19, 20 and 21. Appellant urges, too, that respondent's failure to specify a violation of any statutes and rules requested by demand Item No. 16 was improper and a preclusion order should be granted. We agree and direct respondent to furnish same. Finally, appellant contends that the bill of particulars fails to amplify the pleadings in that the response to the third demand, which sought an itemized and detailed statement of the acts or omissions constituting the negligence, covers every possible contingency and is so all inclusive and general as to frustrate the purpose and function of a bill of particulars. We conclude that the bill of particulars was not evasive and was sufficient to serve its purpose. Order modified, on the law and the facts, by granting the motion to the extent of (1) striking from the bill of particulars the reservation to serve a supplemental bill without leave of court contained in bill Items Nos. 3, 16 and 19; (2) ordering plaintiff to respond separately to Items Nos. 16, 19, 20 and 21; and (3) directing plaintiff to serve a supplemental bill of particulars, specifying violations of any statutes or rules, after completion of the examination before trial or after the expiration of a reasonable time to complete an examination, with leave to appellant to renew his motion to preclude should plaintiff fail to comply, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.