■ DOROTHY HAUCH, Respondent, v GUIDO PADULA et al., Defendants, and DONALD D. GOLDBERG, Appellant. TERRACE HEIGHTS HOSPITAL, Third-Party Plaintiff, v PIONEER BLOOD SERVICE, INC., Third-Party Defendant.—Order, Supreme Court, New York County (Ira Gammerman, J.) entered September 12, 1984 which granted plaintiff's motion to compel the defendants to accept the verified supplemental bill of particulars served July 12, 1984, to the extent only that it alleged particulars with respect to plaintiff's injuries and with respect to the negligence of defendant Goldman, affirmed, without costs.

We are all in agreement that the portion of the supplemental bill of particulars which elaborated further upon plaintiff's injuries was properly allowed, as it expanded on the extent of the continuing disability rather than on the nature of the injuries (Tate v Colabello, 58 NY2d 84, 86-87).

The dissenting Justice is concerned that the supplemental bill's specific allegation of negligence in that Dr. Goldberg "failed to secure a proper and timely vascular consultation" adds a new theory or a new cause of action, so that it may not be served without leave of court (CPLR 3043 [b]).

However, plaintiff here moved for leave to serve this supplemental bill of particulars pursuant to CPLR 3043 (c), which vests the court with discretion to grant leave, notwithstanding the limitations of CPLR 3043 (b). On this record, we find, contrary to the dissent, that the Justice at Trial Term did not abuse his discretion in permitting service of this supplemental bill of particulars.

The allegation that defendant Goldberg failed to secure a proper vascular consultation specifies with further detail the allegations of the complaint of general negligence. It cannot be said that this represents a new theory of recovery or new cause of action. (Cf. Iskovitz v Arrathoon, 57 AD2d 546.)

Further, there can be no surprise or prejudice to the defendants as this allegation was derived from information developed from the deposition of Dr. Goldberg and was fully submitted to the medical malpractice panel.

Accordingly, we find that the Justice at Trial Term did not abuse his discretion in allowing service of this supplemental bill of particulars, and we affirm. Concur—Sullivan, J. P., Carro, Kassal and Ellerin, JJ.

Ross, J., dissents in a memorandum as follows: I find that Trial Term abused its discretion by permitting plaintiff to serve a supplemental bill of particulars on the eve of trial, which asserted a new theory of liability.

In October 1977, the plaintiff commenced the instant medi-

cal malpractice action against a number of defendants, including appealing defendant Dr. Donald D. Goldberg (Goldberg). The fourteenth paragraph of the complaint alleges, in pertinent part: "That the plaintiff was injured by reason of the negligence and malpractice of the defendants, in the care and treatment of her; in failing to use those standards required by Hospitals and Physicians in the State of New York; in failing to properly treat the plaintiff; in failing to properly administer an angiogram; in failing to obtain a prior consent of the plaintiff for an angiogram; in failing to properly advise plaintiff of the risks involved; in failing to take those tests required; in failing to exercise that care and caution required under the circumstances." Defendant Goldberg served his answer in November 1977.

Pursuant to defendant Goldberg's demand, in March 1978, plaintiff served a bill of particulars, which only alleged the injuries suffered by her but did not allege any specific act of negligence committed by defendant Goldberg.

Subsequently, as a result of a pre-calendar conference held on February 1, 1982, plaintiff served her first supplemental bill of particulars, which, *inter alia,* alleged the following act of negligence against defendant Goldberg: "Upon information and belief, defendant, Goldberg, negligently caused injury to the plaintiff * * * in that he carelessly, unnecessarily, and ignorantly subjected her to a dangerous angiogram without even advising her about, and obtaining her informed consent to the risks and complications to which she would thus be exposed, thereby bringing about all the harms which she subsequently suffered."

As a result of the plaintiff filing a note of issue and a certificate of readiness, dated April 28, 1982, the instant action was placed on the Trial Calendar.

More than two years after plaintiff had announced her case was ready for trial, in August 1984, she moved for an order directing defendant Goldberg to accept service of the instant second supplemental bill of particulars, dated July 12, 1984, which, in addition to elaborating further upon her injuries, asserted for the first time, theories of negligence never before urged in this case. Trial Term granted the motion to the extent of, *inter alia,* permitting plaintiff to serve a supplemental bill of particulars, which contains a new claim that defendant Goldberg was negligent in failing to obtain a timely vascular consultation.

I disagree with Trial Term. I find that it abused its discre-

tion by allowing plaintiff to interject, at this late date, on the eve of trial, a brand new allegation of negligence. After careful examination of the plaintiff's moving papers, submitted in support of the motion to compel acceptance of this second supplemental bill of particulars, I conclude that the plaintiff has offered no meritorious reason to justify her unreasonable delay in making this contention.

I believe that this court, by affirming Trial Term, has overlooked the critical fact that this plaintiff has waited approximately seven years from the commencement of this action before she alleged this specific act of negligence. In my opinion, such inordinate delay can only cause substantial prejudice to defendant.

CPLR 3043 (b) clearly states, in pertinent part, that: "A party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities * * * *Provided however that no new cause of action may be alleged*" (emphasis added). It is obvious that "failure to obtain a timely vascular consultation" is not a continuing disability as contemplated by CPLR 3043 (b).

The weight of legal authority in this State is in conformity with this statutory prohibition *(Brady v Benedictine Hosp.,* 74 AD2d 937, 938).

Accordingly, I would modify Trial Term's order, by striking from plaintiff's second supplemental bill of particulars, the claim that defendant Goldberg was negligent in failing to obtain a timely vascular consultation.