■ FRANCIS X. GRANT, Individually and as Administrator of the Estate of ISABELLE H. GRANT, Deceased, Respondent, v DANIEL J. WAINER, Appellant, et al., Defendants.

In June, 1988, plaintiff commenced a medical malpractice action against defendant Daniel J. Wainer, M.D. (Wainer). Issue was joined by said defendant in July of 1988. Thereafter, a preliminary conference order directed that all depositions be completed by September 26, 1989 and that all third-party practice be completed thirty days after the final witness had been examined. Depositions were taken between July 26, 1989 and January 9, 1991. Plaintiff then filed a certificate of readiness for trial on January 14, 1991. By motion dated February 12, 1991, defendant Wainer moved for an order to strike plaintiff's certificate of readiness, alleging that all pretrial discovery had not yet been completed. On March 6, 1991, defendant Wainer served a third-party summons upon Dr. Hastanan, an employee of Pelham Bay.

Pursuant to Uniform Rules for Trial Courts, a party who serves and files a note of issue and a certificate of readiness must indicate that discovery proceedings now known to be necessary have been completed; that there are no outstanding requests for discovery; and that there has been a reasonable opportunity to complete the proceedings *(Hodes v City of New York,* 165 AD2d 168; 22 NYCRR 202.21). A court may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect *(Savino v Lewittes,* 160 AD2d 176, 177). Moreover, a party may not obtain further disclosure after the filing of a note of issue and certificate of readiness

absent a factual showing of " ' "special, unusual or extraordinary circumstances" ' ". *(Goldsmith v Howmedica, Inc.,* 158 AD2d 335, 336.)

Plaintiff has fully complied with the requirements for the filing of a certificate of readiness. Defendant Wainer has failed to offer any explanation for his delay in requesting deposition of defendant Pelham Bay and has failed to demonstrate any unusual circumstances which prevented him from doing so prior to the filing of the certificate of readiness by plaintiff.

In addition, the court did not improvidently exercise its discretion in dismissing the third-party complaint. Inasmuch as defendant Wainer was aware of Dr. Hastanan's involvement in the matter for a period in excess of one year and failed to commence the action until after the certificate had been filed, we find no abuse of discretion in the court's dismissal *sua sponte.* We also note the failure to serve the third-party summons and complaint upon Dr. Hastanan within thirty days from the date the last deposition was taken, as directed by the court in the preliminary conference. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.