■ ALEXANDRO PEDRO et al., Respondents, v DAVID E. BURNS, Appellant. [620 NYS2d 524] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered September 20, 1993 in Montgomery County, which denied defendant's motion for a protective order.

This action for medical malpractice was commenced in May 1987. In December 1987, defendant suffered a myocardial infarction for which he was treated by Robert Eich. In March 1988, defendant was readmitted to the hospital and underwent bypass surgery. On October 9, 1989, defendant was deposed by

plaintiffs' attorney. Following the filing of a note of issue, the case was scheduled for trial on June 23, 1993. On June 8, 1993, plaintiffs' attorneys served defendant with a subpoena requiring his appearance and testimony at the trial. Upon receiving the subpoena for defendant, his attorney informed plaintiffs' counsel that defendant would be unavailable to testify at trial due to his failing health.

On June 23, 1993, defendant's attorney moved for a protective order relieving defendant from testifying at the trial pursuant to plaintiffs' subpoena. In response to a request by plaintiffs' attorney, a hearing was conducted at which Eich, defendant's attending physician, testified that defendant was on medication for his heart condition, that he continued to suffer from angina and that he should not be exposed to stressful situations because they could cause him to suffer from arrhythmia and sudden death. It was Eich's opinion, with a reasonable degree of medical certainty, that defendant should not testify at the trial and be subject to cross-examination because the stress associated therewith could produce angina, arrhythmia, heart attack and sudden death. In opposition, plaintiffs produced the medical records of defendant together with a newspaper article and associated photograph of defendant depicting him at a town meeting where, according to the article, concerned citizens were protesting the creation of a landfill. At the conclusion of the hearing, Supreme Court denied defendant's application and in a written opinion noted that if defendant could appear at a public hearing in April 1993, he could appear at the trial of this matter two months later under subpoena.

On this appeal defendant contends that Supreme Court abused its discretion in failing to vacate the subpoena and relieve him of the obligation to testify. We agree. As correctly observed by defendant, there was no proper foundation testimony for receipt of the photograph and accompanying newspaper article* and, absent that information, there was nothing in the record to contradict Eich's conclusion that compelling defendant to testify at the trial could be life threatening. Indeed, the newspaper article, which Supreme Court undeniably relied upon to refute Eich's testimony, constituted nothing more than unreliable hearsay information devoid of any indicia of reliability (cf., Matter of Georgian Motel Corp. v New York State Liq. Auth., 184 AD2d 853). Under the circum-

---

* Indeed, the record reflects that Supreme Court admitted only the photograph and not any portion of the article.

stances, we are of the view that defendant's motion should be granted and that he should be relieved from testifying at the trial of this matter.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.

