IWONA K. PLONKA, M.D., Respondent, v MILLARD FILLMORE EMERGENCY PHYSICIANS SERVICES, P.C., et al., Appellants, et al., Defendants. [780 NYS2d 685]—

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 14, 2003. The order, inter alia, directed that the nonparty witness shall not be deposed or contacted by any party prior to trial and her testimony and statements will not be allowed during trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendants Millard Fillmore Emergency Physicians Services, P.C., Arthur George Ostrum, D.O. and Tomas Holmlund, M.D. and the cross motion of defendants Stephen M. Laskowski, M.D. and CGF Health Systems, formerly known as Millard Fillmore

Hospitals, doing business as Kaleida Health (collectively, moving defendants), to strike the note of issue. Contrary to the contentions of the moving defendants, there were no pending discovery matters at the time the note of issue was filed (*see Grant v Wainer*, 179 AD2d 364 [1992]; *Tilden Fin. Corp. v Muffoletto*, 161 AD2d 583, 583-584 [1990]). Assuming, arguendo, that the deposition of the nonparty witness was pending when the note of issue was filed, we note that the moving defendants took no steps to complete discovery in the months following the failure of that witness to appear for her deposition. "While a note of issue will generally be stricken if the case is not ready for trial, the motion to strike can be denied where the parties had sufficient time to complete discovery" (*Ireland v GEICO Corp.*, 2 AD3d 917, 917 [2003]). Under all of the circumstances, we conclude that the court did not abuse its "broad discretion in insuring that adequate pretrial discovery has been accomplished" when it denied the motion and cross motion (*Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 227 [1989]).

The court erred, however, in ordering that the nonparty witness "shall not be deposed or contacted by any party prior to trial and that her testimony and statements will not be allowed during trial." The hearsay statements of the attorney acting on her behalf fail to demonstrate that testifying or otherwise giving statements would endanger her health (*see Chavoustie v New York Hosp.-Cornell Med. Ctr.*, 253 AD2d 702 [1998], *lv denied* 93 NY2d 805 [1999]; *cf. Pedro v Burns*, 210 AD2d 782 [1994]; *Matter of Norris v District Attorney of N.Y. County*, 14 Misc 2d 1047 [1958], *appeal dismissed* 10 AD2d 817 [1960]). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.