■ DOROTHY ALLEN, Respondent, v JAMES O. BRAXTON, Appellant, et al., Defendants. (Appeal No. 2.) [801 NYS2d 224]—

Appeal from a judgment of the Supreme Court, Erie County (Peter J. Notaro, J.), entered November 22, 2004 in a personal injury action. The judgment, upon a jury verdict in favor of plaintiff and against defendant James O. Braxton, awarded plaintiff $262,194.86.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries that she sustained when she was struck by a vehicle driven by James O. Braxton (defendant). Following a trial on damages only, the jury awarded plaintiff $65,000 for past pain and suffering and $195,000 for future pain and suffering. Contrary to the contention of defendant, Supreme Court did not abuse its discretion in denying that part of his motion seeking an adjournment of the trial (*see Betro v Carbone*, 5 AD3d 1110, 1110-1111 [2004]; *see generally Harper v Han Chang*, 267 AD2d 1011 [1999]). We further conclude that the court did not abuse its discretion in denying defendant's subsequent motion to strike the note of issue (*see Plonka v Millard Fillmore Emergency Physicians Servs., P.C.*, 9 AD3d 869 [2004]; *Watts v Town of Gardiner*, 90 AD2d 615, 616 [1982]; *see also Grant v Wainer*, 179 AD2d 364 [1992]; *Tilden Fin. Corp. v Muffoletto*, 161 AD2d 583, 583-584 [1990]). The court also did not err in granting the cross motion of plaintiff to compel defendants to accept service of her supplemental bill of particulars alleging her posttraumatic stress disorder (*see Glionna v Kubota, Ltd.*, 154 AD2d 920 [1989]; *Hauch v Padula*, 114 AD2d 807 [1985]). Under the circumstances, we conclude that the supplemental bill of particulars did not allege a "new injury" but, rather, merely supplied a diagnostic label to injuries previously alleged by plaintiff (CPLR 3043 [b]; *see generally Tate v Colabello*, 58 NY2d 84, 86-87 [1983]; *Maisonet v New York City Hous. Auth.*, 276 AD2d 260 [2000]; *Villalona v Bronx-Lebanon Hosp. Ctr.*, 261 AD2d 185 [1999]).

We have considered defendant's remaining contentions and conclude that they do not require reversal. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.