(September 14, 2016)

■ Michael Alicino, Appellant, v Rochdale Village, Inc., Respondent. [37 NYS3d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated April 10, 2015, as granted that branch of the defendant's motion which was to strike his supplemental bill of particulars and precluded him from serving any further supplemental bills of particulars, and (2) an order of the same court dated September 15, 2015, which denied his motion to vacate the foregoing portions of the order dated April 10, 2015.

Ordered that the order dated September 15, 2015, is reversed, on the law, and the plaintiff's motion to vacate those portions of the order dated April 10, 2015, which granted that branch of the defendant's motion which was to strike the supplemental bill of particulars and precluded the plaintiff from serving any further supplemental bills of particulars is granted; and it is further,

Ordered that the appeal from the order dated April 10, 2015, is dismissed as academic in light of our determination on the appeal from the order dated September 15, 2015; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In this action to recover damages for personal injuries, the

plaintiff filed a note of issue and certificate of readiness in September 2014. Shortly thereafter, the plaintiff served a supplemental bill of particulars alleging additional medical treatment and physical limitations that he experienced as a result of his alleged injuries. The defendant sought further disclosure with regard to the supplemental bill, and the parties subsequently entered into a "so ordered" stipulation requiring the plaintiff to appear for a further deposition on March 30, 2015. However, the plaintiff's counsel, in anticipation of settling the action at a mediation conference scheduled for April 1, 2015, subsequently advised the defendant's attorney that his client would not appear for a further deposition on the stipulated date because of the impending mediation. When the subsequent mediation conference proved fruitless, the plaintiff's counsel attempted to schedule a new date for the plaintiff's further deposition with the defense, but the defendant's attorney instead advised him that the defendant would move by order to show cause to strike the supplemental bill of particulars based on the plaintiff's failure to appear on the stipulated date. The plaintiff's counsel appeared at the chambers of the Justice assigned to the case on April 10, 2015, when the defendant's attorney presented the order to show cause. At that time, the plaintiff's counsel was served with a copy of the defendant's motion papers and was permitted to briefly orally argue in opposition to the motion to the law clerk of the assigned Justice. Minutes later, and without affording the plaintiff any opportunity to submit any papers in opposition to the motion, the Supreme Court issued an order, inter alia, granting the defendant's motion to strike the supplemental bill of particulars and precluding the plaintiff from serving any additional supplemental bills of particulars in the action. The plaintiff appealed from these portions of the order.

While the appeal was pending, the plaintiff moved in the Supreme Court to vacate the foregoing portions of the order dated April 10, 2015, contending, inter alia, that the supplemental bill of particulars had been properly served, and that the plaintiff's decision not to appear for a further deposition on the stipulated date, while ill-advised, did not rise to the level of willful and contumacious conduct warranting the striking of the pleading. The defendant opposed the motion, inter alia, on the ground that the supplemental bill of particulars was actually an amended bill of particulars which alleged new injuries and which improperly had been served without leave of court pursuant to CPLR 3042 (b). In an order dated September 15, 2015, the Supreme Court, after erroneously characterizing the plaintiff's motion as one for reargument, denied it on the

merits, reasoning that the plaintiff had disregarded the "so ordered" stipulation in an effort to frustrate the defendant's right to disclosure. The plaintiff appeals from this order as well.

The supplemental bill of particulars served by the plaintiff subsequent to the filing of the note of issue in this case was proper. Pursuant to CPLR 3043 (b), "[a] party may serve a supplemental bill of particulars *with respect to claims of continuing special damages and disabilities*," with the proviso that "*no new cause of action may be alleged or new injury claimed*" (emphasis added). Moreover, the statute provides that supplemental bills of particulars may be served 30 days or more prior to trial without leave of court, and that the opposing party is entitled to an opportunity for further disclosure regarding the continuing damages and disabilities.

Here, contrary to the defendant's contention, the supplemental bill of particulars did not allege any new injuries so as to constitute a de facto amended bill of particulars which was improperly served without leave of court (*cf. Jurado v Kalache*, 93 AD3d 759 [2012]; *Kyong Hi Wohn v County of Suffolk*, 237 AD2d 412 [1997]). Rather, the supplemental bill properly sets forth the continuing consequences of the same injuries that were alleged in the original bill of particulars (*see Sisemore v Leffler*, 125 AD3d 1374 [2015]; *Restuccio v Caffrey*, 114 AD3d 836 [2014]; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717 [2012]; *Witherspoon v Surat Realty Corp.*, 82 AD3d 1087 [2011]; *Kellerson v Asis*, 81 AD3d 1437 [2011]).

Furthermore, the Supreme Court erred in striking the supplemental bill of particulars and in precluding the service of any further supplemental bills of particulars. While the striking of a pleading or the preclusion of evidence may be appropriate in those instances where parties engage in the chronic or repeated obstruction of discovery, thereby evidencing a willful disregard of legitimate disclosure requests and court orders (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201 [2012]), the plaintiff's failure to appear for a further deposition on the stipulated date does not, under the circumstances presented, rise to such a level of misconduct. Moreover, the record does not demonstrate any other discovery violations by the plaintiff. Accordingly, no willful and contumacious conduct was established (*see New York Timber, LLC v Seneca Cos.*, 133 AD3d 576 [2015]; *Anthony v Anthony*, 24 AD3d 694 [2005]), and the plaintiff's motion to vacate those portions of the order dated April 10, 2015, which struck the supplemental bill of particulars

and precluded the service of any further supplemental bills of particulars should have been granted.

In view of the foregoing determination on the appeal from the order dated September 15, 2015, we dismiss the appeal from the order dated April 10, 2015, as academic. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.