■ JESSE KHOSROVA, an Infant, by His Mother and Natural Guardian, SHARON KHOSROVA, et al., Appellants, v HAMPTON BAYS UNION FREE SCHOOL DISTRICT, Respondent. [54 NYS3d 164]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated December 17, 2015, as granted that branch of the defendant's motion which was to strike their supplemental bill of particulars and denied that branch of their cross motion which was to compel the defendant to accept their supplemental bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to strike the plaintiffs' supplemental bill of particulars is denied, and that branch of the plaintiffs' cross motion which was to compel the defendant to accept their supplemental bill of particulars is granted.

In June 2004, the plaintiff Jesse Khosrova (hereinafter the injured plaintiff) allegedly sustained personal injuries when he was assaulted by a fellow student while waiting for a school bus on school property. In his original bill of particulars dated February 8, 2006, the injured plaintiff alleged that he sustained permanent personal injuries, including depression, insomnia, agitation, poor concentration, loneliness, and tenseness, and that his injuries were accompanied by distress, depression, stress, and psychological difficulties. After the Supreme Court's order granting the defendant's motion for summary judgment dismissing the complaint was reversed on appeal (*see Khosrova v Hampton Bays Union Free Sch. Dist.,* 99 AD3d 669 [2012]) and the case was restored to the trial calendar, the plaintiffs served, pursuant to CPLR 3101 (d), an expert witness disclosure dated August 4, 2013, and the affidavit of their expert psychologist dated April 27, 2013. Thereafter, the plaintiffs

served a supplemental bill of particulars dated February 17, 2015, alleging the additional injuries or damages of post-traumatic stress disorder and future costs of long-term psychotherapy. In the order appealed from, the court, inter alia, granted that branch of the defendant's motion which was to strike the supplemental bill of particulars and denied that branch of the plaintiffs' cross motion which was to compel the defendant to accept the supplemental bill of particulars. The court found that the supplemental bill of particulars sought to add new injuries, thereby rendering it an amended bill of particulars, and that the plaintiffs failed to demonstrate a reasonable excuse for the inordinate delay in seeking leave to include the new injuries. The plaintiffs appeal.

Pursuant to CPLR 3043 (b), a plaintiff in a personal injury action may serve a supplemental bill of particulars containing "continuing special damages and disabilities," without leave of the court at any time, but not less than 30 days prior to trial, if it alleges "no new cause of action" or claims no "new injury." Here, the plaintiffs sought to allege continuing consequences of the injuries suffered and described in the original bill of particulars, rather than new and unrelated injuries (*see Tate v Colabello*, 58 NY2d 84, 86-87 [1983]; *Alicino v Rochdale Vil., Inc.*, 142 AD3d 937, 939 [2016]; *Restuccio v Caffrey*, 114 AD3d 836, 837 [2014]; *Sanchez v City of New York*, 40 AD3d 276, 277 [2007]; *Allen v Braxton*, 21 AD3d 1272 [2005]). Since the contested bill of particulars is a supplemental bill of particulars, rather than an amended bill of particulars, and was served more than 30 days prior to trial, leave of court was not required (*see Restuccio v Caffrey*, 114 AD3d at 837; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717, 718 [2012]). Accordingly, that branch of the defendant's motion which was to strike the supplemental bill of particulars should have been denied and that branch of the plaintiffs' cross motion which was to compel the defendant to accept their supplemental bill of particulars should have been granted. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.