Ideal Media US Inc. v Baron (2021 NY Slip Op 02361)





Ideal Media US Inc. v Baron


2021 NY Slip Op 02361


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 153127/18 Appeal No. 13712-13712A Case No. 2020-03447 2020-04578 

[*1]Ideal Media US Inc., Plaintiff-Respondent,
v
Alexander Baron et al., Defendants-Appellants.


The Baez Law Firm, PLLC, New York (Jose Anibal Baez of counsel), for appellants.
Val Mandel, P.C., New York (Eric Wertheim of counsel), for respondent.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered June 18, 2020, in favor of plaintiff against defendants in the total amount of $112,117.18, and bringing up for review an order, same court and Justice, entered September 20, 2019, which denied defendants' motion to strike the note of issue, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 6, 2020, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court providently denied defendants' motion to strike the note of issue. There was no outstanding discovery when plaintiff filed the note of issue and the certificate of readiness contained no material factual errors (see Pannone v Silberstein, 40 AD3d 327, 328 [1st Dept 2007]; Grant v Wainer, 179 AD2d 364, 364 [1st Dept 1992]).
Plaintiff made a prima facie showing that, after defendant Baron was properly terminated from his employment with plaintiff, he took $95,000 from plaintiff's bank account and transferred it to his bank account at defendant Retirely, without authority to do so. There is no reason to discredit the affidavit of plaintiff's representative and the other proof submitted in support of summary judgment. In opposition, defendants failed to raise any issue of fact warranting a trial (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendants' defamation counterclaims were also properly dismissed, since the statements contained in the complaint are pertinent to this litigation and are absolutely privileged (see Flomenhaft v Finkelstein, 127 AD3d 634, 637—638 [1st Dept 2015]).
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021