Ali v JS 39, LLC (2022 NY Slip Op 04889)

Ali v JS 39, LLC

2022 NY Slip Op 04889

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-02660
 (Index No. 11226/15)

[*1]Asghar Ali, etc., respondent, 
v
JS 39, LLC, et al., appellants, et al., defendants.

Barry McTiernan & Moore LLP, New York, NY (Steve Aripotch of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants JS 39, LLC, and SMRC Management, LLC, appeal from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated January 16, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants JS 39, LLC, and SMRC Management, LLC, which was, in effect, to strike the second supplemental bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 31, 2015, the plaintiff's decedent allegedly sustained personal injuries when a portion of the ceiling of her apartment collapsed and struck her. The decedent commenced this action to recover damages for personal injuries against, among others, JS 39, LLC, and SMRC Management, LLC (hereinafter together the defendants), which allegedly owned and operated the subject premises.
After filing the note of issue, the decedent served a second supplemental bill of particulars. The defendants moved, inter alia, in effect, to strike the second supplemental bill of particulars, asserting that it improperly alleged new injuries sustained by the decedent. In an order dated January 16, 2020, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
"Pursuant to CPLR 3043(b), a plaintiff in a personal injury action may serve a supplemental bill of particulars containing 'continuing special damages and disabilities,' without leave of the court at any time, but not less than 30 days prior to trial, if it alleges 'no new cause of action' or claims no 'new injury'" (Khosrova v Hampton Bays Union Free Sch. Dist., 151 AD3d 953, 954; see Kraycar v Monahan, 49 AD3d 507, 507).
Contrary to the defendants' contention, the second supplemental bill of particulars did not allege new injuries, but rather set forth the continuing consequences of the same injuries which were previously alleged (see Khosrova v Hampton Bays Union Free Sch. Dist., 151 AD3d at 954; Alicino v Rochdale Vil., Inc., 142 AD3d 937, 939; Erickson v Cross Ready Mix, Inc., 98 AD3d [*2]717). Further, since the decedent served the second supplemental bill of particulars more than 30 days prior to trial, leave of court was not required (see CPLR 3043[b]; Restuccio v Caffrey, 114 AD3d 836, 837).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, to strike the second supplemental bill of particulars.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court