IO Experience Design LLC v C & A Mktg. Inc. (2023 NY Slip Op 05038)

IO Experience Design LLC v C & A Mktg. Inc.

2023 NY Slip Op 05038

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 655660/18 Appeal No. 714 Case No. 2023-02908 

[*1]IO Experience Design LLC, Plaintiff-Respondent,
v
C & A Marketing Inc. Doing Business as C + A Global, Defendant-Appellant.

Stein Adler Dabah & Zelkowitz LLP, New York (Jacob E. Lewin of counsel), for appellant.
Rivkin Law Group PLLC, New York (Oleg Rivkin of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 3, 2020, which denied defendant's motion to vacate the note of issue or, in the alternative, grant post-note of issue discovery, or extend the time period within which defendant was permitted to move for summary judgment, unanimously modified, on the law, to reverse that portion of the order which denied appellant's motion for an extension of time to move for summary judgment, and otherwise affirmed, without costs.
Supreme Court did not abuse its discretion in declining to vacate the note of issue. The court's December 2, 2019 order stated that the parties "will waive any depositions not complete" by January 7, 2020. By failing to complete its depositions by the court-imposed deadline, defendant waived its right to conduct those depositions, and therefore, plaintiff was correct when it stated in its certificate of readiness that there was no outstanding discovery (see Pannone v Silberstein, 40 AD3d 327, 328 [1st Dept 2007]).
Plaintiff produced a voluminous number of documents on December 10, 2019, approximately one month before depositions were to be completed. Nonetheless, given Supreme Court's description of a specific procedure to address any problems that arose following issuance of its order, it cannot be said that the timetable set in the December 2, 2019 order was unreasonable (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 616 [1st Dept 2017]). This conclusion holds particularly true in light of the fact that defendant did not seek to resolve the issue regarding the December 10 document production until January 6, 2020 — almost a month after the document production and one day before the deadline to take depositions.
Supreme Court providently exercised its discretion in declining to allow post-note of issue discovery, as defendant has not shown unusual or unanticipated circumstances sufficient to warrant overriding the court's December 2 order (see Uniform Rules for Trial Cts [22 NYCRR] § 202.21[d]; Grant v Wainer, 179 AD2d 364, 364-365 [1st Dept 1992]).
However, respondent failed to oppose, or even address, appellant's appeal of the denial of its motion for an extension of time to move for summary judgment. Accordingly, respondent has conceded that point and we reverse that portion of the court's order, provided that appellant serves any motion for summary judgment within 60 days of this order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023