Gobind v Nercessian (2024 NY Slip Op 02591)

Gobind v Nercessian

2024 NY Slip Op 02591

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 25769/14 Appeal No. 2257 Case No. 2023-03025 

[*1]Subadrah Gobind as Administrator of the Estate of Narine Gobind, Plaintiff-Respondent, 
v
Ohannes Nercessian, M.D., et al., Defendants-Appellants, Nicholas J. Morissey, M.D, Defendant.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for Ohannes Nercessian, M.D. and New York Presbyterian Hospital, appellants.
Martin Clearwater & Bell LLP, New York (Barbara DeCrow Goldberg of counsel), for Stephanie Malliaris, M.D., appellant.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about April 20, 2023, which denied the motions of defendants Stephanie Malliaris, M.D., Ohannes Nercessian, M.D. and The New York Presbyterian Hospital (NYPH) for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motions as to the claims for lack of informed consent and negligent hiring, retention, and supervision, and otherwise affirmed, without costs.
Although defendants demonstrated their prima facie entitlement to summary judgment, plaintiff's experts raised issues of fact as to whether defendants were negligent in failing to obtain a vascular consultation prior to Dr. Nercessian performing a knee replacement surgery and Dr. Malliaris performing a subsequent skin graft procedure (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002];
Cregan v Sachs, 65 AD3d 101, 107-108 [1st Dept 2009]). While defendants' experts stated under oath that the standard of care did not require them to obtain such a consult, plaintiff's experts disagreed, creating a question of fact for the jury (see Morris v Lenox Hill Hosp., 232 AD2d 184, 185 [1st Dept 1996], affd 90 NY2d 953 [1997]). Contrary to defendants' assertions, plaintiff's experts' opinions were not speculative. Rather, they were based upon facts in the record. Decedent's medical records with NYPH showed that decedent, who suffered from diabetes and vascular disease, suffered wound healing complications following a prior cardiac surgery. Moreover, testing after the procedures at issue here showed that decedent had long-standing occluded leg arteries (see Severino v Weller, 148 AD3d 272, 274 [1st Dept 2017]).
The motion court was correct to accept the affirmations of plaintiff's experts, which had their names redacted (CPLR 3101[d][1][i]; see Vega v Mount Sinai-NYU Med. Ctr. & Health Sys., 13 AD3d 62, 63 [1st Dept 2004]). Defendants argued that the court should not have considered plaintiff's vascular expert's affirmation, which was annexed to plaintiff's opposition that was e-filed in response to Dr. Nercessian's motion but apparently omitted from plaintiff's e-filed opposition to Dr. Malliaris's motion. We agree that the motion court properly rejected this argument because Dr. Malliaris received the affirmation and addressed it in her reply. The motion court also properly rejected defendants' argument that plaintiff's theory of malpractice was raised for the first time in opposition to the motions (compare Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]). While not included in the record, defendants do not dispute that plaintiff served a fourth supplemental bill of particulars prior to motion practice which contained that theory. Defendants did not move to strike that bill of particulars and there is no evidence of prejudice in that all of defendants' experts discuss that theory in their affirmations (see generally Napolitano v Gustavson, 190 AD3d 530, 530 [1st Dept 2021[*2]]; Hauch v Padula, 114 AD2d 807, 808-809 [1st Dept 1985]).
Plaintiff's causes of action alleging lack of informed consent and negligent hiring, retention, and supervision should be dismissed as plaintiff did not address those claims in either her opposition to the motion or her respondent's brief here. Accordingly, she abandoned those claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024