Miller v Great Vegetable Farm, Inc. (2025 NY Slip Op 04170)

Miller v Great Vegetable Farm, Inc.

2025 NY Slip Op 04170

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00023
 (Index No. 500893/19)

[*1]Angela Paula Miller, appellant, 
v
Great Vegetable Farm, Inc., etc., et al., respondents.

William Pager, Brooklyn, NY, for appellant.
White & McSpedon, P.C., New York, NY (Irwen C. Abrams of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated October 18, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to compel the defendants to accept the second supplemental bill of particulars and granted that branch of the defendants' cross-motion which was to strike the second supplemental bill of particulars.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to compel the defendants to accept the second supplemental bill of particulars is granted and that branch of the defendants' cross-motion which was to strike the second supplemental bill of particulars is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a sidewalk outside of premises owned by the defendant. In a bill of particulars, the plaintiff alleged, inter alia, injuries to her left knee, left wrist, and left shoulder, including limited range of motion in the left shoulder. After the plaintiff allegedly underwent surgery on her left knee, she served a supplemental bill of particulars addressing the knee surgery. The plaintiff thereafter filed a note of issue.
After the note of issue was filed, the plaintiff allegedly underwent surgery to repair two tears in her left shoulder. The plaintiff subsequently moved, among other things, to compel the defendants to accept a second supplemental bill of particulars, addressing the shoulder surgery and injuries to her left shoulder. The defendants cross-moved, inter alia, to strike the second supplemental bill of particulars. By order dated October 18, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion and granted that branch of the defendants' motion. The plaintiff appeals.
"Pursuant to CPLR 3043(b), a plaintiff in a personal injury action may serve a supplemental bill of particulars containing 'continuing special damages and disabilities,' without leave of the court at any time, but not less than 30 days prior to trial, if it alleges 'no new cause of action' or claims no 'new injury'" (Khosrova v Hampton Bays Union Free Sch. Dist., 151 AD3d 953, 954, quoting CPLR 3043[b]). Here, contrary to the defendants' contention, the plaintiff sought [*2]to allege continuing consequences of the injuries suffered to her left shoulder and described in the original bill of particulars, rather than new and unrelated injuries (see id.; Restuccio v Caffrey, 114 AD3d 836, 837). Since the contested bill of particulars is a supplemental bill of particulars, rather than an amended bill of particulars, and was served more than 30 days prior to trial, leave of court was not required (see CPLR 3043[b]; Khosrova v Hampton Bays Union Free Sch. Dist., 151 AD3d at 954).
Accordingly, that branch of the plaintiff's motion which was to compel the defendants to accept the second supplemental bill of particulars should have been granted and that branch of the defendants' motion which was to strike the second supplemental bill of particulars should have been denied.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court